589 A.2d 735

In re COMMONWEALTH of Pennsylvania,
$803 CASH, U.S. CURRENCY.

Appeal of Charles WARREN, Lawful Proprietor.

Superior Court of Pennsylvania.

Submitted Jan. 28, 1991.

Filed April 15, 1991.

Charles Warren, pro se.

William R. Cunningham, Dist. Atty., Erie, Mark Sindler, Deputy Atty. Gen., Harrisburg, for Com.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

This appeal from an order forfeiting eight hundred and three ($803.00) dollars, United States currency, pursuant to the Controlled Substances Forfeitures Act, 42 Pa.C.S. §§ 6801 and 6802, requires that we review the type of notice which must be given to an owner of property who is incarcerated.

The currency in this case was seized from Charles Warren as an incident of his arrest for a technical violation of parole. He was thereafter confined at the Huntingdon State Correctional Institution, where he remained when the Attorney General's forfeiture petition was heard by the trial court. Although Warren was given notice of the hearing, he was not told that he was entitled to be transported from prison in order to attend the hearing. As a consequence, he made no request to prison authorities for arrangements to be made which would allow him to be present, and the hearing proceeded in his absence.[1] At the

1. The trial court originally attempted to hold a hearing by telephone, and Warren was given notice that he could participate by calling a designated number at the time of hearing. This hearing was not conducted, however, and a subsequent notice was given of a hearing to be held April 25, 1990. The record discloses that notice of this

hearing, the Attorney General attempted to show that Warren had been engaged in the sale of controlled substances. There was also testimony that an odor of a controlled substance had been detected on the money by a dog from a state police canine unit and that a subsequent chemical analysis had revealed the presence of a cocaine residue on the currency.

"The Due Process clause of the Fourteenth Amendment to the Federal Constitution requires at a minimum that the deprivation of life, liberty or property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case." *In re Upset Sale, Tax Claims Bureau of Berks Co.*, 505 Pa. 327, 333, 479 A.2d 940, 943 (1984). See also: *Parham v. Cortese*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *West Penn Power Co. v. Train*, 522 F.2d 302, 312 (3d Cir.1975), *cert. denied*, 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976). The Constitution of Pennsylvania contains a similar guarantee. *Commonwealth v. One 1988 Ford Coupe*, 393 Pa.Super. 320, 331, 574 A.2d 631, 637 (1990).

■ Where the owner of property subject to forfeiture proceedings is incarcerated, the notice must inform him or her that proper steps will be taken to aid such person in appearing and defending if that is his or her wish. The notice should also advise the owner as to the steps to be taken to obtain temporary release to attend the hearing. Such additional notice has been required to be given incarcerated defendants in divorce actions, see: 5A Goodrich–Amram, Procedural Rule Service, § 1920.51:8, and an equivalent notice must be given in actions by the Commonwealth to forfeit the property of an interested party who is incarcerated. To require nothing more than a bare notice of the

hearing was mailed to Warren by first class mail, but the brief which he has filed in this Court does not concede actual receipt thereof. For purposes of our decision, we have presumed that the notice, having been duly sent by U.S. Mail, was received by Warren. See: Pa.R.C.P. 440(b). See also: *Cody v. Cody*, 408 Pa. 301, 183 A.2d 534 (1962) (applying Pa.R.C.P. 1027 which was rescinded and replaced by Rule 440).

time and place of hearing is to settle for what in many cases may be a meaningless formality. Unless the incarcerated owner is made aware that arrangements can and will be made for him to be present at the hearing, a bare notice of the time and place of hearing will be of little value.

The Forfeiture Law contains, at 42 Pa.C.S. § 6802, relevant procedural protections. It directs that notice be given to all owners and possessors of property, and it provides for an opportunity to respond, both in writing and at a hearing on the petition. It also establishes the respective burdens of proof for the parties. 42 Pa.C.S. § 6802(a)–(k). See: *Commonwealth v. One 1988 Ford Coupe, supra* at 332, 574 A.2d at 637; *Commonwealth v. Crosby*, 390 Pa.Super. 140, 153, 568 A.2d 233, 240 (1990).

 Here, the Commonwealth had the initial burden of showing, by a preponderance of the evidence, the existence of a nexus between the currency and an illegal drug transaction. See: *Commonwealth v. One 1988 Ford Coupe, supra*, 393 Pa.Super. at 332–333, 574 A.2d at 638, citing *Petition of Maglisco*, 341 Pa.Super. 525, 491 A.2d 1381 (1985). The Commonwealth's evidence that a cocaine residue was found on some of the money taken from Warren was sufficient to allow the factfinder to infer that the money had been part of an illegal drug transaction and, therefore, subject to forfeiture. See: 42 Pa.C.S. § 6801(a)(6)(ii); *Commonwealth v. Tate*, 371 Pa.Super. 611, 617, 538 A.2d 903, 906 (1988). However, appellant had a right to contest the Commonwealth's evidence and challenge the inference to be drawn therefrom. He could explain, if possible, the presence of the cocaine residue on the currency or demonstrate his own lawful acquisition and innocent possession thereof. Because he was not present, he was deprived of this right to respond to and explain the Commonwealth's evidence.

 Warren did not waive his right to attend the hearing by failing to request the court or prison authorities to make provision for his presence. He was incarcerated, and we

will not assume that he was knowledgeable of his right to require release to attend the hearing. Indeed, it is the likelihood that an incarcerated prisoner will not be aware of his rights with respect to the attendance at judicial hearings which has prompted our decision to require that notice of such right be given. The record in this case is entirely inadequate to permit a finding that Warren knew his rights and voluntarily and intentionally surrendered them.

Warren is entitled to a real opportunity, not merely an illusory one, to attend the forfeiture hearing and defend against the Commonwealth's attempt to forfeit property removed from his person. Because the notice of the hearing was inadequate to guarantee that right, we will reverse the trial court's forfeiture order and remand for another hearing.

Reversed and remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained meanwhile.