632 A.2d 971

**Alfred M. STEMPO and Maria A. Stempo, husband and wife, Appellants,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION**

v.

**Darryl F. SEAWOOD.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Oct. 12, 1993.

32

Brian M. Monahan, for appellants.

William A. Slotter, Sr. Deputy Atty. Gen., for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Alfred M. Stempo and Maria A. Stempo (the Stempos) appeal from an order of the Court of Common Pleas of Northampton County (trial court) which granted partial summary judgment in favor of the Department of Transportation (DOT). For the reasons which follow, we quash the appeal.

This case arises from an accident which occurred as Mr. Stempo was driving southbound on Route 611 in Easton, a city of the third class. As Mr. Stempo approached the intersection of Route 611 and Nesquehoning Street, Additional Defendant Seawood's vehicle pulled out into the intersection and collided with the vehicle operated by Mr. Stempo.

Thereafter, the Stempos initiated an action in the trial court against DOT. In their complaint, the Stempos averred liability based upon several theories: DOT's improper placement of the intersection; its failure to warn of a dangerous condition caused by the intersection; its failure to post adequate signs in the area; its failure to correct the dangerous condition; its failure to inspect and maintain the intersection properly; and its failure to construct the intersection properly.

Relying upon Section 521 of the State Highway Law,[1] DOT filed a motion for summary judgment, averring that the Commonwealth has no duty to regulate traffic or police state

---

1. Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670–521, which provides, in pertinent part, as follows:

> The designation or taking over of any street of any city of the ... third class as a State highway by any act of Assembly is not intended, and shall not be construed:
> (1) To place upon the Commonwealth any duty to regulate traffic or police any such streets, but such duty shall be and remain the obligation of the cities;

highways within cities of the third class. The trial court granted summary judgment "as to all claims [against DOT] for regulating traffic, policing streets, for maintaining, constructing, reconstructing or resurfacing streets, other than the base or surface course, or for maintaining, constructing or reconstructing any structure of any kind or character whatsoever situate upon or forming part of any street in this case." Trial Court's Order, dated February 19, 1993. The trial court, however, declined to grant summary judgment with respect to any portion of the Stempos' complaint alleging negligent design. The Stempos subsequently filed an appeal with this court.

■ Initially, in light of the procedural posture of this appeal, we must determine whether the trial court's order granting partial summary judgment with respect to the above-referenced theories of liability is a final order for purposes of appeal.[2]

■ A pivotal consideration in determining whether an order is final and appealable is whether the plaintiff aggrieved by the order has, for purposes of the particular action, been put out of court on all theories of recovery asserted against a given defendant for a given loss. *Sweener v. First Baptist Church of Emporium*, 516 Pa. 534, 533 A.2d 998 (1987). Alternate theories of recovery are different means to recover the same damages or relief for a single harm. *Garofolo v. Shah*, 400 Pa.Super. 456, 583 A.2d 1205 (1990) (en banc). In contrast, separate causes of action seek different relief for different harms. *Id.* As such, if a litigant seeks recovery under alternate theories for a given loss, an order dismissing

(2) To place upon the Commonwealth any obligation for the maintenance, construction, reconstruction or resurfacing of said streets other than the base or surface courses;
(3) To place upon the Commonwealth ... any obligation to maintain, construct or reconstruct any structure of any kind or character whatsoever situate upon or forming part of any such city street....

2. Although neither party raised the issue of whether the trial court's order is a final, appealable order, the issue is a jurisdictional question which this court is obligated to raise *sua sponte*. *See Pennsylvania Dental Association v. Insurance Department*, 512 Pa. 217, 516 A.2d 647 (1986).

one of those theories is not appealable. *Dorohovich v. West American Insurance Co.,* 403 Pa.Super. 412, 589 A.2d 252 (1991). If a litigant, however, requests different relief for different harms, an order disposing of one of those requests is an appealable order. *Id.*

In the instant case, the Stempos are seeking recovery for a single harm under alternate theories; they are not seeking different relief for different harms. As such, the trial court's order granting summary judgment in favor of DOT and against the Stempos on certain claims did not put the Stempos out of court on all theories of recovery asserted against DOT. The Stempos may still recover on the theory of negligent design.

Therefore, we conclude that the trial court's order granting partial summary judgment in favor of DOT is not a final, appealable order. Accordingly, the Stempos' appeal is quashed.

## ORDER

AND NOW, October 12, 1993, the appeal of Alfred M. Stempo and Maria A. Stempo in the above-captioned matter is quashed.