**COMMONWEALTH of Pennsylvania**

v.

**$1,800 U.S. CURRENCY.**

**Appeal of Carl L. OWENS, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted May 17, 1996.

Decided June 24, 1996.

Carl Owens, Pro Se, Appellant.

Andrea F. McKenna, Senior Deputy Attorney General, for Appellee.

---

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Carl Owens (Owens) appeals from an order of the Court of Common Pleas of Cumberland County (trial court), which denied his petition to strike off and/or open default judgment, wherein Owens sought to vacate a forfeiture order issued by the trial court in 1993. We affirm.

The facts giving rise to Owens' petition are as follows. On May 4, 1993, the Commonwealth filed a petition for the forfeiture of $1,800.00 seized at Owens' residence, pursuant to the execution of a search warrant for illegal drugs. In its petition, the Commonwealth alleged that, on at least two occasions, Owens sold cocaine to agents of the Bureau of Narcotics Investigation. In accordance with 42 Pa.C.S. §§ 6801–6802 of the Controlled Substances Forfeitures Act (Act), a rule to show cause was issued to the incarcerated Owens stating: [1]

> AND NOW, this 4th day of May, 1993, a rule is issued upon Carl L. Owens, owner and/or possessor of the within defendant/property, to show cause why the prayer and order of the attached Petition of Forfeiture should not be granted.

> Rule returnable, for the purpose of filing an answer only, within thirty (30) days from the date of service of the attached Petition upon Carl L. Owens, owner and/or possessor.

> Failure to Answer this Petition within 30 days of service hereof will result in an Order of Forfeiture being entered against said property, any law or rule of Court to the contrary notwithstanding.

> Notice shall be given in accordance with law.

In accordance with 42 Pa.C.S. § 6802(b), the following notice accompanied the petition and rule to show cause:

> *NOTICE TO ANSWER PETITION FOR FORFEITURE AND CONDEMNATION* TO THE CLAIMANT OF WITHIN DESCRIBED PROPERTY: YOU ARE REQUIRED TO FILE AN ANSWER TO THIS PETITION, SETTING FORTH YOUR TITLE IN, AND RIGHT TO POSSESSION OF, SAID PROPERTY WITHIN THIRTY (30) DAYS FROM THE SERVICE HEREOF, AND YOU ARE ALSO NOTIFIED THAT, IF YOU FAIL TO FILE SAID ANSWER, A DECREE OF FORFEITURE AND CONDEMNATION WILL BE ENTERED AGAINST SAID PROPERTY.

The petition, the rule to show cause, and the notice to answer the petition of forfeiture were personally served on Owens at the state correctional institution where he was incarcerated. Owens filed no answer and the trial court, based on a motion for entry of an order of forfeiture, granted the Commonwealth's forfeiture motion on July 15, 1993.

Owens subsequently sought to vacate the order, relying primarily upon *In Re: Commonwealth, $803 Cash,* 403 Pa. Superior Ct. 526, 589 A.2d 735 (1991), which holds that an incarcerated individual must be informed that steps will be taken in order to assist in appearance and defense at the hearing, if so desired. Owens asserts that because of his incarceration and the fact that his notice did not contain this additional information regarding attendance at the hearing, as required by *$803 Cash,* the Commonwealth did not follow proper procedure and, thus, the decree of forfeiture should be vacated.

The trial court rejected Owens' argument, holding that such additional notice is required only if the forfeiture matter proceeds to the hearing stage, and that this case involved only the notice of a rule to show cause and had not yet advanced to the hearing stage.

■ On appeal,[2] we must decide whether the notice of a rule to show cause in a

1. Owens was incarcerated for drug offenses at the State Correctional Institution at Camp Hill, Pennsylvania.

2. Our scope of review is restricted to whether the record supports the factual findings of the trial court as well as a determination of the reasonableness of the inferences and legal conclusions drawn from the findings of fact. *Commonwealth v. $16,208.38 U.S. Currency Seized from Holt,* 160 Pa.Cmwlth. 440, 635 A.2d 233 (1993).

forfeiture proceeding under the Act must contain information regarding assistance in attending a later hearing where the individual is incarcerated and where the matter has not yet reached the hearing stage.[3]

In *$803 Cash*, the Superior Court held that "[w]here the owner of property subject to forfeiture proceedings is incarcerated, the notice must inform him or her that proper steps will be taken to aid such person in appearing and defending if that is his or her wish." 403 Pa. Superior Ct. at 528, 589 A.2d at 736. There, the appellant *contested the forfeiture* of his property under the Act and *a hearing was scheduled.* The hearing notice did not provide the appellant with information which would allow his attendance. Following the hearing, the trial court sustained the forfeiture. However, because of the appellant's incarceration, the Superior Court reversed, holding that the *notice of the hearing* must contain additional information regarding steps which could be taken in order to secure the appellant's attendance at the hearing. However, we hold that *$803 Cash* is limited to those situations where an incarcerated individual notifies the Commonwealth that he contests the forfeiture of property *and a hearing is scheduled.* *$803 Cash* does not hold, as Owens asserts, that the initial notice of forfeiture/rule to show cause must contain information regarding attendance at an as-yet-unscheduled hearing.

Owens also argues that the Commonwealth's notice was insufficient because it did not contain a notice to defend in accordance with Pa. R.C.P. No. 1018.1. This argument also fails because, in accordance with section 6802(a) of the Act, 42 Pa.C.S. § 6802(a), a forfeiture action is commenced via a rule to show cause, which is permissible if authorized by the governing statute, *Flaherty v. Burke*, 101 Pa.Cmwlth. 19, 515 A.2d 365 (1986), *Butler Area Sewer Authority v. Northwest Sanitary Sewer System Authority*, 3 Pa.Cmwlth. 76, 281 A.2d 87 (1971), and need not conform with the Rules of Civil Procedure for commencement of an action via complaint where the contents of the notice are specifically provided by the statute. *North Penn Water Authority v. A Certain Parcel of Land*, 168 Pa.Cmwlth. 477, 650 A.2d 1197 (1994). In *North Penn*, we held that the Rules of Civil Procedure do not apply to eminent domain proceedings and that the Eminent Domain Code[4] provides the exclusive procedure for giving notice of a declaration of taking to a condemnee.

Furthermore, the language of Section 6802(b) of the Act, 42 Pa.C.S. § 6802(b), which informs an individual of the forfeiture action and invites him to "file an answer ... setting forth your title in, and right to possession of, said property," is sufficient and "reasonably calculated to inform [the] interested part[y] of the pending action, and the information necessary to provide an opportunity to present objections." *Pennsylvania Coal Mining Association v. Insurance Department*, 471 Pa. 437, 452, 370 A.2d 685, 692–93 (1977); *see Celane v. Commonwealth Insurance Commissioner*, 51 Pa.Cmwlth. 633, 415 A.2d 130 (1980).

Here, the notice was sufficient to permit Owens to participate in the forfeiture matter by showing "a facially colorable interest in the proceeding," *Commonwealth v. One 1985 Dark Blue Mercedes Benz Car*, 391 Pa. Superior Ct. 507, 510, 571 A.2d 482, 483 (1990) (citation omitted), and "demonstrat[ing] an interest in the seized item sufficient to contest the forfeiture." *Commonwealth v. Wingait Farms*, 659 A.2d 584, 595 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 543 Pa. 697, 670 A.2d 144 (1995), and *petition for allowance of appeal granted*, 542 Pa. 676, 668 A.2d 1137 (1995). The fact that the Commonwealth's notice to Owens did not inform him that, if a hearing is scheduled, arrangements will be made to secure his attendance, did not prejudice him nor prevent him from filing an answer or statement of his interest in the seized property, which he failed to do.

3. Owens also asserts that Pa. R.C.P. No. 1018.1 requires a notice of forfeiture to include a notice to defend. While it appears this legal argument was not preserved before the trial court, *Fatzinger v. City of Allentown*, 140 Pa.Cmwlth. 62, 591 A.2d 369 (1991), *appeal denied*, 529 Pa. 653, 602 A.2d 862 (1992), we will consider its application as it is necessarily intertwined with appellant's central argument.

4. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903.

Therefore, we hold that the trial court did not err in holding that Owens' notice of forfeiture/rule to show cause was sufficient and denying his Petition to Strike Off and/or Open Default Judgment.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of June, 1996, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed.