702 A.2d 857

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James MOSLEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted on Briefs Aug. 13, 1997.

Decided Nov. 21, 1997.

628

James F. Mosley, Pro se.

Catherine Marshall, Philadelphia, for the Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

This is an appeal by allowance from a memorandum decision of the Commonwealth Court which affirmed an order of the Court of Common Pleas of Philadelphia County denying a petition for return of property and granting forfeiture to the Commonwealth. The property in question is $100 in currency that was seized from the appellant, James Mosley, at the time of his arrest. The factual background of the case is as follows.

On July 15, 1991, an officer of the City of Philadelphia Police Department observed what appeared to be a sale of illegal drugs. He saw Richard Merrill deliver currency to Mosley, whereupon Mosley handed Merrill a silver foil bundle. The officer approached the two men, but Mosley immediately fled. Merrill was arrested and the bundle was seized. The bundle contained ten packets of a controlled substance, phencyclidine, commonly known as PCP. It had a street value of $100. Mosley was located and arrested the following day. At the time of his arrest he had $100 with him, and this sum was seized. He was subsequently charged with possession of a controlled substance, and possession with intent to deliver.

On October 19, 1992, Mosley was adjudged not guilty of the foregoing charges. Thereafter, however, he remained imprisoned at Graterford State Prison on unrelated charges. The Defender Association of Philadelphia filed on his behalf a

petition for return of property seeking recovery of the $100 that had been seized. A hearing on the petition was scheduled. The trial court sent Mosley a letter informing him that he could either attend the hearing in person or answer interrogatories and send them to the court in lieu of his attendance. The court explained that the interrogatories would be accorded the same weight as live testimony, and that they would set forth questions relating to his ownership of the property and the circumstances under which it was seized. The court stated that the cost of transportation to the hearing, consisting of a $43 sheriff's fee, would have to be paid in advance by Mosley if he chose to personally attend. Based on this information, Mosley elected to rely on the interrogatories to support his claim.

A very brief hearing on Mosley's petition was held on September 22, 1993, at which time responses to the interrogatories were submitted to the court.[1] Another hearing was held on September 24, 1993, whereupon Mosley's petition for return of property was denied.[2] At the same time, the court granted forfeiture to the Commonwealth pursuant to the Controlled Substances Forfeiture Act, 42 Pa.C.S. §§ 6801–6802. See 42 Pa.C.S. § 6801(a)(6)(i)(A) (providing for forfeiture of money derived from illegal drug transactions). In support of its decision, the trial court issued an opinion stating that an oral motion for forfeiture had been made by the Commonwealth.[3] The motion relied on the criminal complaint fact record describing the circumstances leading to Mosley's arrest, including the seizure of drugs and the lab report analyzing those drugs as phencyclidine. An appeal of the trial court's order ensued, and the Commonwealth Court affirmed.

■■■ At issue is whether the trial court's grant of the motion for forfeiture effected a denial of procedural due process. See generally *In re Upset Sale, Tax Claim Bureau of Berks County*, 505 Pa. 327, 479 A.2d 940, 943 (1984) (Due process

1. A public defender was present on Mosley's behalf.
2. No issues have been preserved as to the merits of the denial of the petition for return of property.
3. The motion is not reflected in the transcripts of the hearings.

"requires at a minimum that the deprivation of life, liberty or property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case."). Mosley asserts that he did not receive notice and an opportunity to be heard regarding the Commonwealth's motion. We agree.

Proceedings to secure the return of property seized by police are filed pursuant to Pa.R.Crim.P. 324, which provides in pertinent part:

## RULE 324. MOTION FOR RETURN OF PROPERTY

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property forfeited.

Under this rule, on any motion for return of property, the moving party must establish entitlement to lawful possession. Then it is the Commonwealth's burden to prove that the property at issue is contraband. *Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149, 1150–51 (1989). Forfeiture does not, however, automatically ensue when a motion for return of property is denied. *Id.* It is improper to award forfeiture, under the Controlled Substances Forfeiture Act, unless a request for forfeiture has been duly made. *Id.* at 1152. Such a request may typically be set forth as new matter in response to a petition for return of property, such that the two matters can be heard together. *Id.* at 1151. See also *Matter of Kulbitsky*, 112 Pa.Cmwlth. 477, 536 A.2d 458, 459–60 (1988) (answer and new matter to Rule 324 motion raised request for forfeiture), appeal denied, 520 Pa. 609, 553

A.2d 971 (1988). Nevertheless, a proceeding for return of property is distinct from a forfeiture proceeding, and, although the two types of actions may commonly be heard together, to file one type of action does not in itself serve to initiate the other.

In the present case, when the Commonwealth made its oral motion for forfeiture, the nature of the proceeding was effectively changed from a hearing on a petition for return of property to a hearing under the Controlled Substances Forfeiture Act. Although Mosley declined to attend the hearing on his petition for return of property, it cannot be assumed that had he been provided notice and an opportunity to be heard on the Commonwealth's motion for forfeiture he would have acquiesced in the forfeiture proceeding. When Mosley made his decision, he had no notice that the Commonwealth would oppose his petition, much less that the Commonwealth would initiate a forfeiture proceeding that would be carried out in his absence.

The Controlled Substances Forfeiture Act expressly provides for an owner of property to be given notice of a forfeiture proceeding:

**(b) Notice to property owners.**—A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:

To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.

The notice shall be signed by . . . .

42 Pa.C.S. § 6802(b). The Act also provides for a hearing in which the property owner can respond to the Commonwealth's evidence:

**(j) Owner's burden of proof.**—At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a), the burden shall be upon the claimant to show:

> (1) That the claimant is the owner of the property. . . .
>
> (2) That the claimant lawfully acquired the property.
>
> (3) That it was not unlawfully used or possessed. . . .

42 Pa.C.S. § 6802(j).

■ Thus, notice and opportunity to be heard are integral to forfeiture proceedings. See generally *In re Commonwealth, $803 Cash, U.S. Currency,* 403 Pa.Super. 526, 589 A.2d 735 (1991); *Commonwealth v. $1,800 U.S. Currency,* 679 A.2d 275 (Pa.Cmwlth.1996). In the present case, after the Commonwealth presented evidence that the $100 seized from Mosley constituted proceeds of an illegal drug transaction, Mosley was entitled to respond with evidence to the contrary. He was, however, through his absence at the hearing denied an opportunity to respond. Mosley's decision to forgo attendance at the hearing was made without notice that there was going to be a statutory forfeiture proceeding. Further, because his answers to the interrogatories were provided *prior* to the Commonwealth's oral motion for forfeiture, it cannot be said that the interrogatories served as his response.

Hence, the order of the Commonwealth Court affirming the forfeiture of property must be vacated, and the case must be remanded to the court of common pleas to afford Mosley notice and an opportunity to respond to the Commonwealth's evidence.

Order vacated, and case remanded.

NEWMAN, J., did not participate in the consideration or decision of this case.