COMMONWEALTH of Pennsylvania

v.

**$425.00 U.S. CURRENCY.**

**Commonwealth of Pennsylvania**

v.

**One (1) 1996 Lexus.**

**Commonwealth of Pennsylvania**

v.

**Miscellaneous Household Items.**

**Donald Keith Bell, Jr., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1998.

Decided Jan. 13, 1999.

---

Scott K. Oberholtzer, Lancaster, for appellant.

Bruce A. Roth, Asst. Dist. Atty., Lancaster, for appellee.

Before COLINS, President Judge, and KELLY, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Donald Keith Bell, Jr. appeals from the order of the Lancaster County Court of Common Pleas forfeiting his car, $425.00, and miscellaneous household items.

On or about May 15, 1998, members of the Lancaster County Drug Enforcement Task Force executed a search warrant at 1632 Judie Lane, Apartment # J4, Lancaster, Pennsylvania, the residence of Donald Keith Bell, Jr. During the course of the search, officers located approximately one-quarter (1/4) pound of marijuana which appeared to be packaged for sale. Officers also located and seized $425.00 in United States currency; one (1) Newtech stereo system and two (2) Speakers; one (1) RCA VCR; and one (1) Sony Play Station with controls and six (6) games. Detectives also seized Bell's 1996 Lexus.

The above-mentioned items were seized as assets of Bell's drug business pursuant to a forfeiture agreement (Agreement), which was executed by the Commonwealth and Bell. In the Agreement, Bell agreed to give up all rights, title and claims to the items seized, and admitted that the items seized were used in connection with his drug business. The Agreement was initialed on every line and then signed by Bell.

On June 18, 1998, the Commonwealth filed an ex parte petition before the Lancaster County Court of Common Pleas. In the petition, the Commonwealth requested the Court to enter an order forfeiting Bell's currency, car, and other seized household items pursuant to the Agreement. The common pleas court granted the Commonwealth's request on that same day.

The issue presented in this case is whether property seized pursuant to the Controlled Substances Forfeiture Act, 42 Pa.C.S. §§6801 and 6802, can be forfeited without notice of a forfeiture hearing being given to the defendant.

The Controlled Substances Forfeiture Act expressly provides for an owner of property to be given notice of a forfeiture proceeding:

(b) Notice to property owners.—A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person in possession at the time of the seizure. The copy shall have an endorsed a notice, as follows:

To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.

The notice shall be signed by...

42 Pa.C.S. §6802(b).

The Act also provides for a hearing in which the property owner can respond to the Commonwealth's evidence:

(j) Owner's burden of proof.—At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section

6801(a), the burden shall be upon the claimant to show:

> (1) That the claimant is the owner of the property....
>
> (2) That the claimant lawfully acquired the property.
>
> (3) That it was not unlawfully used or possessed....

42 Pa.C.S. §6802(j).

Thus, notice and opportunity to be heard are integral to forfeiture proceedings. *See Commonwealth v. $1,800 U.S. Currency,* 679 A.2d 275 (Pa.Cmwlth.1996); *In re Commonwealth, $803 Cash, U.S. Currency,* 403 Pa.Super. 526, 589 A.2d 735 (1991). In the present case, Bell was not notified of the forfeiture hearing and thus was denied an opportunity to respond. Further, because his admissions in the Agreement were made prior to the Commonwealth's petition for forfeiture, it cannot be said that the Agreement served as his response to that petition. *See Commonwealth v. Mosley,* 549 Pa. 627, 633, 702 A.2d 857, 860 (1997).

The Commonwealth in its brief argues that a forfeiture agreement was presented to the common pleas court, not a forfeiture petition, and thus that notice and service were not required. However, nowhere in the Controlled Substances Forfeiture Act is there a provision for forfeiture by agreement without a hearing. Forfeiture can only be accomplished through filing a petition in common pleas court and affording the defendant the opportunity to be heard.

■ At the core of our judicial system lies the constitutional right to due process, guaranteed by the Fourteenth Amendment, which requires that the deprivation of life, liberty or property by adjudication be proceeded by notice and opportunity for hearing appropriate to the nature of the case. *In re Commonwealth, $803 Cash, U.S. Currency,* 403 Pa.Super. at 528, 589 A.2d at 736. This case provides a clear illustration of why that right cannot be lightly ignored. Bell claims in his brief that the agreement he signed was the result of duress and coercion. The Commonwealth disputes this assertion, stating in its brief that "nothing in the record supports this claim." While we come to no conclusion on the validity of Bell's claims, to make such a statement as the District Attorney does is, to put it mildly, disingenuous. The Lancaster County Drug Task Force and the District Attorney know full well that no record exists, or, for that matter, can properly be made on such a question, when an application for forfeiture is presented to the common pleas court *ex parte.*

■ Bell is correct in his contention that the forfeiture petition, here entitled an "Agreement to Forfeiture," was improperly presented to the Court. We cannot allow the District Attorney to circumvent the most basic legal rights for the purpose of administrative convenience. Accordingly, we must vacate the forfeiture order of the common pleas court and remand to afford Bell the opportunity to respond to the Commonwealth's assertions.

### ORDER

AND NOW, this 13th day of January, 1999, the order of the Lancaster County Court of Common Pleas in the above-captioned matter is hereby vacated and this case is remanded to the Court with instructions consistent with this opinion.

Jurisdiction relinquished.