**COMMONWEALTH of Pennsylvania**

v.

**ONE 1991 CADILLAC SEVILLE VIN 1G6CD53B9M4342561.**

**Appeal of Linda K. Fisher.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 2004.

Decided July 12, 2004.

Gary N. Asteak, Easton, for appellant.

Sandra Foster–McClure, Easton, for appellee.

BEFORE: SIMPSON, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Linda Fisher (Claimant) appeals from the order of the Court of Common Pleas of Northampton County's (trial court) which denied her motion to vacate the forfeiture of her 1991 Cadillac Seville. She contends she was not properly served notice of the forfeiture. Concluding Claimant's brother, with whom she shared the residence from which the property was seized, had the apparent authority to receive Claimant's notice of pending forfeiture, we affirm.

The Easton Police Department executed a search warrant at 1005 Pine Street, Easton (residence), the home of Claimant and her brother, Lawrence Peterson (Brother). During the search, the police seized the property, a 1991 Cadillac Seville, owned by Claimant. Fifteen months after the seizure, the Commonwealth, through the Northampton County district attorney, petitioned for forfeiture of the car under the Controlled Substances Forfeiture Act, 42 Pa.C.S. § 6801–6802 (Forfeiture Act). After the Commonwealth was unsuccessful in its attempt to personally serve Claimant with the forfeiture petition, it sent the forfeiture petition to Claimant at her Pine Street residence by certified mail. Brother received and signed for the documents. After receiving no response from Claimant, the Commonwealth proceeded with its motion for an order of forfeiture, which the trial court issued.

Claimant filed an application to vacate the forfeiture order. Claimant alleged it should be vacated because she did not receive proper notice of the forfeiture proceeding. Noting the mandatory requirements of the Forfeiture Act require the petition be served personally or by certified mail upon the owner, 42 Pa.C.S. § 6802(b), Claimant contended she did not receive the forfeiture petition by either method because she was living in Virginia at the time. In opposition, the Commonwealth contended Claimant received sufficient notice of the forfeiture proceeding when Brother accepted notice on her behalf.

 After the hearing, the trial court agreed with the Commonwealth. It found the Commonwealth followed the notice procedures under the Forfeiture Act first by attempting personal service, then sending the petition by certified mail to Claimant's residence. The trial court found:

> The [forfeiture] petition was received and signed for by the Claimant's brother, Lawrence Peterson. We find that service on Claimant's brother was sufficient to provide Claimant notice of the forfeiture proceeding because there is sufficient connection between the brother and the Claimant. *Specifically, the brother was residing at the Claimant's residence at the time he signed for the petition, and we find that he was authorized to accept mail on her behalf.* We disagree with Claimant's contention that a relative in the Claimant's house-

hold cannot accept service on behalf of the Claimant. Since the [F]orfeiture Act authorizes service by certified mail, then other rules, including the Rules of Civil Procedure are appropriate in determining what constitutes proper service by certified mail. Therefore we hold that the Commonwealth followed the notice procedures under the [F]orfeiture Act, and the Claimant was properly served.

Trial Ct. Op. at 4 (emphasis added).[1] The trial court denied and dismissed Claimant's application to vacate the forfeiture order, prompting this appeal.[2]

■ The Forfeiture Act sets forth specific, exclusive, and mandatory procedures for giving notice of forfeiture. 42 Pa.C.S. § 6802(b). The provisions of Section 6802(b) require personal service or service by certified mail on the owner or possessor of the property.

■ Claimant asserts statutes authorizing forfeiture must be strictly construed. *Commonwealth v. $2,523.48 of U.S. Currency*, 538 Pa. 551, 649 A.2d 658 (1994). Notice and an opportunity to be heard are procedural safeguards integral to forfeiture proceedings, *Commonwealth v. Mosley*, 549 Pa. 627, 702 A.2d 857 (1997), and must be satisfied. *Commonwealth v. Smith*, 562 Pa. 609, 757 A.2d 354 (2000). Procedural due process requires

that the deprivation of life, liberty, or property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case. *Mosley*. In *In Re: Commonwealth, $803 Cash, U.S. Currency*, 403 Pa.Super. 526, 589 A.2d 735 (1991), the Superior Court reviewed forfeiture notice requirements and held a claimant was entitled to a real opportunity, not an illusory one, to attend a forfeiture hearing.

Claimant argues the procedure does not provide for service by certified mail on another person living at the statutory address of the owner, or at the address from which the property is seized, or on a relative. Claimant asserts the legislature contemplated actual notice, not constructive notice or the illusion of notice.[3]

■ The Pennsylvania Rules of Civil Procedure are applicable to civil in rem forfeiture matters. *Commonwealth v. Marshall*, 548 Pa. 495, 698 A.2d 576 (1997). The Forfeiture Act allows service by certified mail when a copy is mailed to a defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Pa. R.C.P. No. 403.[4] Service is complete when that mail is delivered. *Id.* The issue here is whether Brother was Claimant's agent for receipt of mail consistent with Pa. R.C.P. No. 403.

1. The trial court also referenced the mailbox rule, to raise a presumption of Claimant's receipt of the mail. *Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131 (Pa.Super.2003)

2. This Court's review in an appeal from a forfeiture proceeding is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. 648 West Mayfield Street*, 819 A.2d 1226 (Pa.Cmwlth.2003).

3. Claimant also characterizes the trial court's decision as an attempt to amend due process

requirements with the insertion of the judicially created mailbox rule. She claims this rule has never been used to satisfy requirements of original process under the Pennsylvania Rules of Civil Procedure, nor been judicially construed to substitute for statutory due process requirements.

4. Pa. R.C.P. No. 403, titled **Service by Mail**, states in relevant part, with emphasis added:
 If a rule of civil procedure authorizes original process to be served by mail, a copy of the process *shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent.* Service is complete upon delivery of the mail.

Here, Brother enjoyed apparent authority to act on Claimant's behalf. The Restatement (Second) of Agency § 8 (1958) defines apparent authority:

Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to third persons.

The general rule governing the creation of apparent authority is:

Except for the execution of instruments under seal or for the conduct of transactions required by statute to be authorized in a particular way, apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.

Restatement (Second) of Agency § 27 (1958); *Hartley v. United Mine Workers of America*, 381 Pa. 430, 113 A.2d 239 (1955).

 Apparent authority exists when a principal, by words or conduct, leads people with whom the alleged agent deals to believe the principal has granted the agent authority he or she purports to exercise. *Turner Hydraulics, Inc. v. Susquehanna Constr. Corp.*, 414 Pa.Super. 130, 606 A.2d 532 (1992). Apparent authority may result when a principal permits an agent to occupy a position which, "according to the ordinary experience and habits of mankind, it is usual for that occupant to have authority of a particular kind." *East Girard Sav. & Loan Ass'n v. Houlihan*, 373 Pa. 578, 580, 97 A.2d 23, 24 (1953). The nature and extent of an agent's apparent authority is a question of fact for the fact-finder. *Bolus v. United Penn Bank*, 363 Pa.Super. 247, 525 A.2d 1215 (1987).

Substantial circumstantial evidence supports the trial court's inference that Brother was apparently authorized to accept mail on Claimant's behalf. These circumstances include: Claimant and Brother's joint ownership of the residence, Certified Record (C.R.), Item 7; the delivery of mail addressed to Claimant to her registered address at the residence, Reproduced Record (R.R.) at 15; Claimant's failure to notify postal authorities of a different address or residence despite her statement that she lives in Virginia, R.R. at 16; the delivery of tax bills to Claimant and Brother at the residence, R.R. at 15; payment of those joint tax bills by Brother on Claimant's behalf, R.R. at 16; Claimant's failure to notify the taxing authorities of a different address for her, R.R. at 15–16; Brother's acceptance of the certified mail forfeiture papers addressed to Claimant at the residence, R.R. at 46A; and the presence of Claimant and the car at the residence at the time of seizure. C.R. Item 1 (Forfeiture Petition) at 3–4.

These facts go beyond simple delivery to an adult in the household and support the trial court's finding. Notice actually received at Claimant's residence by someone with apparent authority to receive and sign for her certified mail satisfies the requirements of both the statute and procedural due process.[5]

In addition, the trial court did not err when it refused to accept Claimant's uncorroborated assertion that she did not receive notice of the forfeiture proceeding from Brother. This credibility determination is solely for the fact-finder. Claimant did not overcome the inference of apparent

---

5. Because we conclude Brother enjoyed apparent authority to accept Claimant's mail on her behalf, we do not address the mailbox rule.

authority with testimony the trial court found not credible.

Accordingly, we affirm the opinion of the trial court.

### ORDER

AND NOW, this 12th day of July, 2004, the decision of the Court of Common Pleas of Northampton County in the above-captioned matter is affirmed.