# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
                           :
     v. :   No. 748 C.D. 2021
                           :   ARGUED:  October 11, 2022
Kenneth L. Trainer, Jr.,       :
    Appellant : 


BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED:  November 17, 2022**


This case raises the novel question of whether a trial court may resolve a motion for return of property under Pennsylvania Rule of Criminal Procedure 588, where there is no evidence presented by the Commonwealth, if it orders sale of the property and return of the cash proceeds to the owner.  It cannot.  As such, we reverse the order of the trial court and remand with directions to enter an order directing the return of the property.[1]

Appellant, Kenneth L. Trainer, Jr., appeals from the order of the Court of Common Pleas of Allegheny County directing that a pistol owned by him be transferred from the possession of the Pittsburgh Police Department to the

---

[1] The Commonwealth Court generally maintains jurisdiction over appeals from civil forfeiture decisions.  *See*  Section 762 of the Judicial Code, 42 Pa.C.S. § 762; *Commonwealth v. Irland*, 193 A.3d 370, 372 n.4 (Pa. 2018).  Although, unlike *Irland*, no formal forfeiture proceeding has been instituted, and the Commonwealth denies that it is seeking forfeiture, our jurisdiction over appeals from adjudications of petitions for return of property is clear and is not here questioned.

possession of a licensed gun dealer "to be sold at fair market value." Order, *Commonwealth v. Trainer* (Allegheny C.C.P., Crim. Div., MD No. 1354-2021, filed June 8, 2021). The trial court continued, "[a]fter retaining a standard commission, proceeds are to be remitted to [Appellant]." (*Id.*)

The record in this case is sparse. The motion for return of property, brought under Pennsylvania Rule of Criminal Procedure 588 and filed April 21, 2021, avers that Appellant was the subject of an "unsupported" criminal complaint arising from an allegation of domestic assault on November 4, 2020. (Mot., Reproduced Record "R.R." at 2.) As a result of these allegations, the police took one Glock 22, .40 caliber semi-automatic pistol bearing serial number BHPB204, that the Commonwealth has stipulated Appellant owns (*see* Hr'g Tr. at 4, R.R. at 11). On April 6, 2021, the underlying criminal charges were withdrawn in Pittsburgh Municipal Court. After the withdrawal of the charges, the police retained possession of the pistol and Appellant filed his motion for return of property.

The trial court held a telephonic hearing on the matter on June 8, 2021. The Commonwealth objected to the return and made various allegations concerning Appellant's conduct underlying the seizure of the gun and prior conduct. Specifically, the Commonwealth alleged that the underlying facts leading to the withdrawn charges were that Appellant had brandished the pistol and threatened to kill his girlfriend and that this was Appellant's third arrest for simple assault (each of which the Commonwealth acknowledged were withdrawn or nolle prossed). This being the case, the Commonwealth stated that it "cannot in good conscious [sic] agree to the return" of the pistol. (*Id.* at 2-3, R.R. at 9-10.) Appellant argued that with the stipulation of his ownership of the pistol, the burden shifted to the

2

Commonwealth to show that the pistol was contraband and that there was no evidence to that effect. (*Id.* at 5, R.R. at 12.)

> During the hearing, the trial court stated as follows:
>
>> Under [Pennsylvania Rule of Criminal Procedure] 588 . . . the Commonwealth is required to return the gun if, in fact, that [sic] he legally owns it and he has not been convicted of a crime, rather than request that the Court order it sold and proceeds returned. When the Commonwealth has submitted evidence of three incidents involving him brandishing the firearm, the last one, at his girlfriend, where he *allegedly* made threats to kill her, even when those cases are nolle prossed, because it does seem to me that the Sheriff's Department would have the right to deny him a conceal [sic] carry permit under those circumstances.

[*Id.* at 5-6, R.R. at 12-13 (emphasis supplied)]. Counsel for Appellant argued that the issue of a concealed carry permit was separate from his right to the return of the pistol, to which the trial court replied:

> No, I understand that. What I'm saying, though, is if the Sheriff's Department has the authority to do that, would the Court also have the authority, where there are allegations concerning enough that he is not a responsible gun owner, to require that a gun that he legally purchased be sold and the proceeds returned[?]

(*Id.* at 6, R.R. at 13.) The Commonwealth noted that the conversion of firearms to cash and return of cash, instead of the firearms, to the owners is "done on a daily basis in the Court of Common Pleas of Allegheny County under such circumstances." (*Id.*)[2] The trial court agreed that the Court of Common Pleas of Allegheny County "does this routinely" and agreed to sign an order to sell the pistol

---

[2] The circumstances under which this procedure is invoked are not further described in the record, but such clarification is not relevant to our disposition here.

and return the proceeds. (*Id.* at 7, R.R. at 14.) Appellant then stated his intention to pursue an appeal and the trial court agreed to stay its order pending the appeal. In an opinion filed under Pennsylvania Rule of Appellate Procedure 1925(a), the trial court determined that the pistol was derivative contraband and affirmed its order.

On appeal, Appellant presents one question: whether the trial court erred by denying his motion for return of property where the Commonwealth produced no evidence to show that Appellant's firearm was derivative contraband. The Commonwealth presents a counterstatement of the question presented: whether the trial court permissibly ordered the sale of the pistol, with the proceeds to be remitted to him, in lieu of returning the pistol itself.[3] Under either phrasing, we believe the order of the trial court was clearly erroneous.

Rule 588 provides in relevant part as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

---

[3] Appellant, in his Concise Statement of Errors Complained of on Appeal under Pennsylvania Rule of Appellate Procedure 1925(b) (Appellant Br. at Ex. B), raised two constitutional questions. The first pertained to takings under article I, section 10 of the Pennsylvania Constitution, with regard to the "transfer-sell-then-pay" nature of the trial court's order as violating the prohibition against "private property be[ing] taken . . . without authority of law and without just compensation being first made or secured," Pa. Const., art. I, § 10. The second pertained to the order's deduction of a "standard commission" for the sale of the pistol violating Appellant's right to "just compensation" under both the federal and state constitutions. Because they were not raised at the hearing, the trial court deemed these issues waived. (Trial Ct. Op. at 2-3.) Despite reservations about whether there was actually a previous opportunity to raise these issues, Appellant abandoned them on appeal in favor of pursuing the question not raising a constitutional dimension. (Appellant Br. at 7 n.1.) At all events, where a case can be resolved on other grounds, we should not reach constitutional issues. *Ballou v. State Ethics Comm'n*, 436 A.2d 186 (Pa. 1981).

(B) The judge hearing such motion *shall receive evidence* on any issue of fact necessary to the decision thereon. If the motion is granted, *the property* shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa. R. Crim. P. 588(A)-(B) (emphasis supplied). Under this rule, on any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession. *Commonwealth v. Mosley*, 702 A.2d 857, 859 (Pa. 1997). Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. *Singleton v. Johnson*, 929 A.2d 1224, 1227 (Pa. Cmwlth. 2007). If the Commonwealth seeks to defeat the claim, it bears the burden to prove, by a preponderance of the evidence, that the items are either "contraband per se" or "derivative contraband," and therefore should not be returned to the moving party. *Commonwealth v. Crespo*, 884 A.2d 960, 961 n.4 (Pa. Cmwlth. 2005). Clearly, the pistol is not contraband per se because its possession, in itself, is not illegal. *See Commonwealth v. Howard*, 713 A.2d 89, 92 (Pa. 1998) [quoting *Commonwealth v. Fassnacht*, 359 A.2d 800, 802 (Pa. Super. 1977)]. To meet its burden to prove that an item is derivative contraband, the Commonwealth must establish a specific nexus between the property and criminal activity. *Commonwealth v. Howard*, 713 A.2d 89, 92 (Pa. 1998). In this case, the trial court concluded, and the Commonwealth argues, that the pistol is derivative contraband because it has been "used in the perpetration of unlawful acts." *Id.*

In this case, the trial court erred by not requiring any evidence, first because that is a mandatory requirement under both Rule 588(B) ("[t]he judge hearing such motion *shall receive evidence on any issue of fact necessary to the*

5

*decision thereon*"), Pa. R. Crim. P. 588(B) (emphasis supplied), and because case law requires the *demonstration by a preponderance of evidence* of a nexus between criminal activity and the property. Of course, these are no more than specific directives in accordance with the general principle that any adjudication that involves resolution of disputed facts must be based on competent evidence. The trial court accepted the prosecutor's allegations of Appellant's criminal activity, rather than requiring evidentiary proof, despite the explicit acknowledgment by the Commonwealth that all criminal charges against Appellant were withdrawn or nolle prossed. The trial court correctly noted that "[e]ven where there is an acquittal, derivative contraband may be subject to forfeiture." (Trial Ct. Op. at 4). Nonetheless, the trial court's citation to cases stating that a conviction is not required to support a finding that property is derivative contraband is beside the point—the issue here is a lack of evidence, not the lack of a conviction. "Generally, an attorney's statement in an argument does not constitute evidence." *Sch. Dist. of Phila. v. Bd. Revision of Taxes*, 217 A.3d 472, 485 (Pa. Cmwlth. 2019) [citing *E. Norriton Twp. v. Gill Quarries, Inc.*, 604 A.2d 763, 766 n.9 (Pa. Cmwlth. 1992) ("[S]elf-serving, unsubstantiated and unsworn statements by counsel are not competent evidence.")]. We have carefully reviewed the original record and found nothing other than the prosecutor's statements to support the trial court's finding.[4]

---

[4] The Commonwealth also relies on Section 5806 of the Judicial Code, 42 Pa.C.S. § 5806 (relating to motion for return of property), which provides:

> Contents of motion.--A motion under this section shall:
>
> . . . .
>
> (3) Identify the relief sought, which may include:
>
> > (i) Return of the petitioner's property.

**(Footnote continued on next page…)**

We understand the public safety concerns of the Commonwealth and the trial court about the gravity and number of offenses alleged to have been committed by Appellant but in the absence of evidence, a motion for return of property must be granted and the seized property must be returned. Accordingly, we reverse the trial court's order and remand with directions to issue an order compelling the Pittsburgh Police Department to return the pistol to Appellant.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

(ii) Reimbursement for the petitioner's legal interest in the property.

(iii) Severance of the petitioner's property from the forfeited property.

(iv) Any relief the court deems appropriate and just.

42 Pa.C.S. § 5806(b)(3). We need not consider whether the type of relief ordered here might be appropriate in other circumstances not present in this case. Suffice it to say that, in *all* cases, in the absence of competent evidence justifying a different result, the property must be returned.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| Commonwealth of Pennsylvania | : | |
| :--- | :--- | :--- |
| | : | |
| v. | : | No. 748 C.D. 2021 |
| | : | |
| Kenneth L. Trainer, Jr., | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 17th day of November, 2022, the Order of the Court of Common Pleas of Allegheny County is REVERSED and this matter is REMANDED. The Court of Common Pleas of Allegheny County is directed to issue an order to the Pittsburgh Police Department returning the Glock 22, .40 caliber semi-automatic pistol bearing serial number BHPB204 to Kenneth L. Trainer, Jr., WITHIN 30 DAYS OF THE DATE OF THIS ORDER.

Jurisdiction is relinquished.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita