J-S21002-25

2025 PA Super 187

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAFFA THORNTON-BEY :
:
Appellant : No. 134 EDA 2025

Appeal from the Order Entered December 4, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002716-2021

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.*

OPINION BY KUNSELMAN, J.:                    **FILED AUGUST 28, 2025**

Jaffa Thornton-Bey appeals from the order denying his Motion for Return of Property. We dismiss the appeal as moot.

On May 26, 2021, Detective Thomas Hyland, drug and organized crime unit detective of the Phoenixville Borough Police Department, obtained a warrant to search the residence of 241 Dayton Street in Phoenixville. During the search, officers found bulk quantities of marijuana, drug paraphernalia, and a large among of US currency. On August 27, 2021, Thornton-Bey was charged with criminal conspiracy to commit possession with intent to deliver. Thornton-Bey pled guilty to this charge on September 15, 2023. On December 13, 2023, Thornton-Bey was sentenced to six to twenty-three months imprisonment.

_____

* Retired Senior Judge assigned to the Superior Court.

On October 7, 2021, while the charges were pending, the Commonwealth filed a petition for forfeiture of the currency seized at a miscellaneous docket number. On December 18, 2023, Thornton-Bey moved to recover property, specifically the currency taken during the search. A hearing was held on November 7, 2024. At which Detective Hyland testified what the warranted search of Thronton-Bey's property yielded:

> We found bulk quantities of marijuana. We found a large amount of US currency. There was a backpack located that had over $40,000 in cash inside of it as well as Mr. Thornton-Bey's-I think his ID was in there, like a small wallet with his ID. I believe his medical marijuana card might have been in that wallet as well. As well as a large amount of packaging paraphernalia, similar paraphernalia to what confidential sources described and what was purchased during the controlled buys. A vacuum sealer, scales, small amount of cocaine, as well as marijuana edibles and vape cartridges which signify on the packaging that they were THC vapor cartridges.

N.T, 11/7/24, at 22-26.

Detective Hyland further testified that the police acquired another search warrant to search Thornton-Bey's phone. This search yielded text messages, Cash App statements, and a social media post all evidencing drug transactions.

Thronton-Bey argued that his sister had paid for all of his living expenses throughout his life and that the $43,925 seized from his bedroom was innocent SSI money. The trial court stated that:

It beggars belief that [Thornton-Bey's] sister, who was not called to testify in support of the defense theory that specifically and significantly involves her actions, has paid for all of [Thornton-Bey's] living expenses throughout his life from his childhood well into his adulthood without requiring any recompense from [Thornton-Bey's] SSI benefits, for which she is the representative payee. [Thornton-Bey] is selling more than marijuana here, and we are not buying it.

Trial Court Opinion, 3/17/25, at 31.

The trial court found that a substantial nexus existed between the currency seized and a violation of the Controlled Substance Act. *See* 42 Pa.C.S. § 5802(6)(ii). Following the hearing, the trial court entered separate orders granting the Commonwealth's Petition for Civil Forfeiture and denying Thornton-Bey's motion for return of property on December 4, 2024. This order was entered on the dockets and became final for purposes of appeal on December 11, 2024.

Thornton-Bey filed a timely notice of appeal only from the order denying his petition for return of property. Thornton-Bey and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Thornton-Bey raises one issue pertaining to the denial of his motion for return of property.

Whether the Commonwealth failed to meet its burden by a preponderance of the evidence that there was a substantial nexus between the $43,925.00 in United States Currency that was seized and drug-related criminal activity?

Thornton-Bey's Brief at 6.

Initially we note that Thornton-Bey did not file a notice of appeal from the order granting the Commonwealth's petition for forfeiture. "It has been held that a single appeal is incapable of bringing on for review more than one final order, judgment or decree." ***Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.***, 263 A.2d 448, 452 (Pa. 1970) (citing ***Frailey Twp. School District v. Schuylkill Mining Co.***, 64 A.2d 788 (Pa. 1949).

In ***Commonwealth v. Mosley***, the court distinguished between a motion for return of property and forfeiture. 702 A.2d 857, 859 (Pa. 1997) (citations omitted). On a motion for return of property, the moving party must establish entitlement to lawful possession, then it is the Commonwealth's burden to prove that the property at issue is contraband. ***Id.*** Forfeiture does not, however, automatically ensue when a motion for return of property is denied. ***Id.*** It is improper to award forfeiture, under the Controlled Substances Forfeiture Act, unless a request for forfeiture has been duly made. ***Id.*** Such a request may typically be set forth as new matter in response to a petition for return of property, such that the two matters can be heard together. Nevertheless, a proceeding for return of property is distinct from a forfeiture proceeding, and, although the two types of actions may commonly be heard together, to file one type of action does not in itself serve to initiate the other. ***Id.***

The court in ***In re $300,000 in U.S. Currency*** is instructive on the procedure an appellate is required to conduct when appealing an order for return of property and forfeiture. 309 A.3d 1117 (Pa. Cmwlth. 2024). In that

case the appellant appealed to the court's order granting forfeiture, **and** the appellant challenged the court's order denying his motion for return of property. This allowed the court to proceed with the appeal, as neither order became final. Appellant's key appeal to **both** orders, protected his challenges from waiver.

Here, the trial court heard the Commonwealth's petition for forfeiture and Thornton-Bey's motion for return of property together.  Distinguishable from **In re $300,000 in U.S.**, Thronton-Bey only appealed to the court's order denying his motion for return of property. Thronton-Bey failed to appeal the order granting the Commonwealth's motion for forfeiture.  Thronton-Bey's appeal to denial of his return of property motion does not automatically avail himself to challenge the order granting forfeiture. The trial court issued two, distinct orders at different dockets, one criminal, and one at a miscellaneous docket.  By failing to appeal from the civil, collateral case, that order is now final.  Any relief we may have given in the criminal case is now moot.

This Court has explained:

Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable .... If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Deutsche Bank Nat'l Co. v. Butler*, 868 A.2d 574, 577 (Pa. Super. 2005) (citations and quotation marks omitted).

The order granting forfeiture is a final order, and the currency at issue has been deemed forfeited to the Commonwealth. Thus, we cannot now grant relief and order that same currency to be returned to Thornton-Bey. Any such order would be inconsistent with another final order, and therefore, would have no "legal force or effect."

By analogy, we reach a similar result in a termination of parental rights case when a parent fails to appeal from all subsections of 23 Pa. C.S.A § 2511. For example, in *In re Adoption of G.A.C.,* 280 A.3d 5 (Pa. Super. 2022)(non-precedential decision), the orphans' court terminated Father's rights as to both Children under Sections 2511(a)(1), (a)(5), (a)(8), and (b). Critically, Father did not challenge the court's determination under Section 2511(a)(8). And nowhere – in either his concise statement or in his statement of questions involved – did Father challenge the court's determinations under Section 2511(b), the second prong of the bifurcated termination analysis.

Because we could affirm the termination decree under any one subsection of Section 2511(a) in conjunction with Section 2511(b), we concluded that Father's failure to raise Section 2511(a)(8) and (b) meant Father effectively waived his entire appeal as to both Children. Because we could affirm the decrees under those sections, we found Father's remaining challenges under sections (a)(1) and (a)(5) were moot. *Id.* (citing *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002)).

Here, similarly, Thornton-Bey's failure to appeal the order granting the Commonwealth's forfeiture petition means he waived any claim he might have had in that case and renders his appeal to the order denying his motion for return of property moot.

Appeal dismissed as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/28/2025