COMMONWEALTH of Pennsylvania

v.

1997 MITSUBISHI DIAMANTE, PA Reg. GGZ8705, VIN # 6MMAP4VP4VT009953, 1990 Lincoln Town Car, PA Reg, # FSA4119, VIN # 1LNLM82F5LY661798, $23,566.00 Cash, $477.00 Cash, (4) Cell Phones, Contents of Wachovia Bank Accounts of Santos Ramos, Contents of First Union Bank Accounts to Santos Ramos, $280.00 Cash, Cell Phone (Sanchez)

**Appeal of: Santos Ramos–Rodriguez.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 2008.

Decided June 11, 2008.

---

Santos Ramos–Rodriguez, appellant, pro se.

Thomas J. Reilly, York, for appellee.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Santos Ramos–Rodriguez (Appellant) appeals from an order of the Court of Common Pleas of York County (trial court) which denied his petition to open and/or strike default forfeiture judgment. We vacate and remand.

1. This court's review is limited to determining whether the trial court abused its discretion or committed an error of law. *Horner v.C.S.*

This matter arises as a result of the forfeiture of Appellant's property. On May 11, 2006, the Commonwealth filed a petition for forfeiture of Appellant's property pursuant to Sections 6801–02 of the Judicial Code, 42 Pa.C.S. §§ 6801–02, commonly referred to as the Controlled Substances Forfeiture Act (Act). Appellant did not file an answer and on June 22, 2006, the Commonwealth filed a motion for judgment. The trial court granted the motion on July 1, 2006.

Almost a year later, on June 13, 2007, Appellant filed a petition to strike and/or open the default judgment, alleging that he did not receive proper notice of the forfeiture proceeding. At the trial court hearing, the judge asked Appellant why he waited so long to file the petition. Appellant responded that he did not know that judgment had been entered against him until he read about it in a transcript and that he didn't remember when he received the transcript. According to Appellant, he also asked an attorney to file a petition to open but the attorney did not do it. The judge concluded that Appellant did not offer any reason for his delay in filing the motion to strike and/or open judgment and, therefore, denied his petition. This appeal followed.[1]

We first observe that contrary to Appellant's contention, the trial court did not err in denying his request for appointment of counsel. In *Commonwealth v. $9,847.00 United States Currency*, 550 Pa. 192, 704 A.2d 612 (1997), the Supreme Court held that indigent claimants in civil forfeiture actions are not entitled to appointment of counsel.

As to Appellant's motion to strike and/or open default judgment, the trial

*Myers & Sons, Inc.*, 721 A.2d 394 (Pa.Cmwlth. 1998), *petition for allowance of appeal denied*, 559 Pa. 682, 739 A.2d 545 (1999).

court denied the motion, finding that, in accordance with Pa. R.C.P. No. 2959(a)(3), Appellant did not show compelling reasons for the delay in responding to the default judgment entered against him.

A review of the motion filed by Appellant and his testimony before the trial court reveals that Appellant did offer reasons for the delay in responding to the default judgment. We conclude that such reasons were compelling.

Specifically, Appellant, in his petition, claims that he was not served with the Commonwealth's May 11, 2006, petition to forfeit. (Petition to open and/or strike default judgment at p. 1.) In support thereof, Appellant included the affidavit of the detective regarding the notice sent to Appellant with respect to the seizure of his property. The affidavit states that "notification of the seizure and Petition of the defendant/property and Notice to file a Claim Protesting the Confiscation of the said defendant/property was made by certified mail with the attached receipt." The attached receipt shows, however, that the certified letter was sent to the York County Prison and addressed to and signed for by Candelario Sanchez.[2] (Exhibit to the petition to open and/or strike default judgment.) Appellant maintains that he is not Candelario Sanchez and that he did not receive notice of the petition to forfeit or of the default judgment. Appellant's claim that he did not receive notice of the petition to forfeit was supplemented by his testimony before the trial court. Appellant stated that he did not receive notice of the proceedings until he learned of it through a transcript and that such was the reason for his delay in filing the petition to strike and/or open judgment.

In *Commonwealth v. One 1991 Cadillac Seville*, 853 A.2d 1093 (Pa.Cmwlth.2004), Linda Fisher (Fisher) filed a motion to vacate the forfeiture of her vehicle, claiming that she did not receive proper notice of the forfeiture proceeding. At a hearing before the trial court, the Commonwealth introduced evidence that the forfeiture petition was sent to the residence from which the property was seized and that Fisher shared the residence with her brother. The Commonwealth further showed that Fisher's brother received and signed for the forfeiture petition. The trial court concluded that such constituted proper notice under the Act.

On appeal, this court recognized that the Act sets forth specific, exclusive and mandatory procedures for providing notice of a forfeiture, 42 Pa.C.S. § 6802(b). Further, notice and an opportunity to be heard are integral to forfeiture proceedings. *Commonwealth v. Mosley*, 549 Pa. 627, 702 A.2d 857 (1997). Ultimately, this court agreed with the trial court that Fisher's brother had apparent authority to accept mail on Fisher's behalf. Thus, this court concluded that the Commonwealth followed the notice provisions under the Act.

In this case, as in *One 1991 Cadillac Seville*, there is an issue as to whether the notice provisions of the Act were complied with by the Commonwealth. In accordance with 42 Pa.C.S. § 6802(b), a copy of the petition for forfeiture is to be served personally or by certified mail to the owner of the property. As previously stated, the reason as to why Appellant waited so long to file his petition to strike and/or open default judgment was that he did not

**2.** In its motion for judgment, wherein the Commonwealth stated that it had properly served Appellant with the petition to forfeit, the Commonwealth incorporated by reference the same affidavit of the detective and the receipt for the certified letter addressed to Candelario Sanchez. (Original record at 5b.)

receive notice of the forfeiture proceedings, and that any such notice sent was received and signed for by an individual other then himself, namely Candelario Sanchez.

Statutes authorizing forfeiture are to be strictly construed. *Commonwealth v. Smith*, 562 Pa. 609, 757 A.2d 354 (2000). Accordingly, in this case, a remand is necessary to determine whether the service and notice requirements of the Act with respect to the petition for forfeiture have been met. Thus, the decision of the trial court is vacated and the case is remanded to the trial court for a hearing to permit both sides to present testimony and evidence as to whether the Commonwealth complied with the service and notice requirements under the Act.

### ORDER

Now, June 11, 2008, the Order of the Court of Common Pleas of York County, in the above-captioned matter, is vacated. The case is remanded for further proceedings.

Jurisdiction relinquished.