J-A21022-23

2023 PA Super 266

IN RE: ALISHA SHEPARD SMITH : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: ALISHA SHEPARD :
SMITH :
:
:
:
:
: No. 2128 EDA 2022

Appeal from the Order Entered July 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0001772-2022

IN RE: ALISHA SHEPARD SMITH : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: ALISHA SHEPARD :
SMITH :
:
:
:
:
: No. 2129 EDA 2022

Appeal from the Order Entered July 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0001773-2022

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

OPINION BY DUBOW, J.:                    **FILED DECEMBER 13, 2023**

Appellant, Alisha Shepard-Smith, appeals from the Order entered July 19, 2022, which denied her motion for return of property. Appellant seeks the return of a firearm and two magazines that police officers seized after her neighbors reported that she had threatened them with the firearm during a dispute over yard work. After careful review, we affirm.

## A.

The relevant facts and procedural history are as follows. Appellant and her neighbors were in an ongoing dispute over yard work. On December 12, 2021, Appellant and her husband returned home after Appellant's daughter called to report that the neighbors were cutting a common hedge. A verbal and physical altercation ensued during which Appellant instructed her daughter to retrieve Appellant's firearm from inside the house. Appellant then pointed her firearm at the neighbors. After the neighbors called 911, Appellant told her daughter to hide the firearm in the house.

Responding police officers took a statement from one of the neighbors involved in the altercation. Police officers later found the gun and a magazine in Appellant's home. They also recovered a second magazine from Appellant's pocket. The police confiscated these items.

The Commonwealth charged Appellant with firearms offenses and two counts each of Simple Assault and Recklessly Endangering Another Person. The court ultimately dismissed all charges because the Complainants failed to appear.[1]

On May 6, 2022, Appellant filed two *pro se* motions for return of her firearm and magazines. The Commonwealth opposed the motions but notably, it did not file a forfeiture petition.

---

[1] At the preliminary hearing, the court dismissed the firearms charges for lack of evidence. It remanded the remaining charges for a misdemeanor trial in Philadelphia Municipal Court. At the trial, the court then dismissed those charges for lack of prosecution.

On July 19, 2022, the court conducted an evidentiary hearing during which Appellant appeared *pro se*. At the hearing, the Commonwealth did not dispute that the firearm and magazines belonged to Appellant. The Commonwealth presented the Police Incident report, PARS[2] report, and the complaining witness's statements provided to the responding police officers. Appellant did not object to any of the Commonwealth's evidence.

Additionally, at the hearing, Appellant testified that her neighbors were the aggressors and that she did not call the police because she did not have her cell phone. The court did not find her testimony credible.

The trial court denied Appellant's Motions for Return of Property. Appellant, through counsel, timely appealed.[3] Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Did the lower court err in deciding Appellant's "Motion for Return of Property" by relying on common law precepts as the basis for the seizure of the property where the applicable case law requires that there either be a conviction, utilizing the weapon in question, or a statutory basis for the denial of the return of property and neither of these factors exist in this case?

2. If the lower court did not err in deciding question one, did the lower court err in denying Appellant return of her property when it ruled that the Commonwealth had met [its] burden at the hearing for the Motion for Return of Property when the

---

[2] PARS is an acronym for Preliminary Arraignment System.

[3] Appellant, through counsel, also filed a motion for reconsideration on August 17, 2022. The docket indicates no response to this motion, and she filed her notice of appeal the next day.

Commonwealth merely presented a hearsay narrative from the prosecutor and where there was no conviction?

Appellant's Br. at 2.

**B.**

Appellant challenges the trial court's order denying her motions for return of property. Our review is limited to whether substantial evidence supports the trial court's findings of fact and whether the court abused its discretion or committed an error of law. ***Singleton v. Johnson***, 929 A.2d 1224, 1227 n.5 (Pa. Cmwlth. 2007) (*en banc*); ***Commonwealth v. 5444 Spruce St***., 890 A.2d 35, 38 (Pa. Cmwlth. 2006) (*en banc*).[4]

Pa.R.Crim.P. 588 governs motions for return of property:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. . . .
>
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A), (B). Once the movant establishes her ownership interest in the property, the burden then shifts to the Commonwealth to prove, by a

---

[4] "[B]oth this Court and the Commonwealth Court have jurisdiction to decide an appeal involving a motion for the return of property filed pursuant to Pa.R.Crim.P. 588." ***Commonwealth v. Durham,*** 9 A.3d 641, 642 n.1 (Pa. Super. 2010). Because Appellant chose this forum, we will address this appeal.

preponderance of the evidence, that the property is contraband. ***Barren v. Commonwealth***, 74 A.3d 250, 255 (Pa. Super. 2013).

Contraband is either *per se* or derivative: *per se* contraband is property that is unlawful to possess, whereas derivative contraband is property, innocent in itself, which has been used in the perpetration of an unlawful act. ***Petition of Koenig***, 663 A.2d 725, 726 (Pa. Super. 1995). To establish that property is derivative contraband, "the Commonwealth must establish a specific nexus between the property and the alleged criminal activity." ***Beaston v. Ebersole***, 986 A.2d 876, 882 (Pa. Super. 2009) (*en banc*) (citation omitted).

Furthermore, a conviction of the underlying crime need not occur for the Commonwealth to prove the nexus. ***See, e.g., Commonwealth v. $6,425.00 Seized from Esquilin***, 880 A.2d 523, 529-30 (Pa. 2005) (holding that the Commonwealth proved by a preponderance of the evidence that there was nexus between seized money and a violation of the Controlled Substances Act by presenting documentary evidence). Rather, "a forfeiture pursuant to Rule 588 may occur prior to conviction and in the absence of a criminal conviction." ***Commonwealth v. Irland***, 193 A.3d 370, 379 (Pa. 2018).

When the Commonwealth sustains its burden, the burden shifts to the movant to disprove the Commonwealth's evidence for the return of her property. ***Beaston*** 986 A.2d at 881 (citation omitted).

**C.**

Appellant first avers that the trial court erred in "order[ing] forfeiture" without statutory authorization. Appellant's Br. at 6. Specifically, she argues that the Pennsylvania Supreme Court has held that common law cannot authorize forfeiture and the trial court identified no statutory basis for forfeiture in its decision. *Id*. at 9 (citing *Commonwealth v. Irland*, 193 A.3d 370, 379, 382 (Pa. 2018).

In support, Appellant cites *Irland*, in which the appellant filed a return of property motion for his firearm and in response, the Commonwealth moved for forfeiture under a theory of common-law forfeiture because the firearm was derivative contraband used in a crime. *Irland,* 193 A.3d at 372. The Supreme Court held that civil forfeiture (in absence of a conviction) of derivative contraband requires statutory authority. *Id*. at 379, 382.

Contrary to Appellant's characterization, this appeal pertains to an order denying her petition for return of property filed pursuant to Rule 588, not an order granting a forfeiture petition. Forfeiture proceedings are distinct from return of property proceedings. *Commonwealth v. Johnson*, 931 A.2d 781, 783 (Pa. Cmwlth. 2007). Here, the Commonwealth did not petition for forfeiture, and we, thus, do not address standards pertaining to forfeiture. *See Commonwealth v. Pomerantz*, 573 A.2d 1149, 1150 (Pa. Super. 1989) (denying return of property where petitioner did not meet his burden but refusing to grant forfeiture because the Commonwealth never petitioned for

it).    Accordingly, Appellant's reliance on **Irland** is misplaced, and this argument merits no relief.

Rather, although the property remains with the Commonwealth due to the denial of Appellant's motion for return, our review is confined to whether the court erred in finding that the Commonwealth met its burden of proving that the property was used during the course of criminal activity, as required by Rule 588.    **Barren**, 74 A.3d at 255; **Beaston**, 986 A.2d at 882. As discussed below, the trial court did not err in finding that the Commonwealth met its burden under Pa.R.Crim.P.  588.

**D.**

Appellant next contends that even under Pa.R.Crim.P. 588, the Commonwealth's evidence was not "competent" and, therefore, the Commonwealth did not establish by a preponderance of the evidence that the firearm and magazines were derivative contraband.  Appellant's Br. at 11. Specifically, Appellant argues that (1) the prosecutor's statements made during the hearing are not evidence; and (2) that the Commonwealth's documentary evidence constituted unauthenticated hearsay in violation of Pa.R.E. 901(a) and 801, respectively.  **Id.** at 10-11.

First, we note that the trial court did not rely on the prosecutor's statements in making its decision.   Rather, the court cites Appellant's testimony, which it found not credible, and the Commonwealth's documentary evidence.  Trial Ct. Op. at 5-6.

Next, we observe that to preserve evidentiary challenges for appellate review, a litigant must object at trial. *See Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (citing Pa.R.A.P. 302(a) and noting that the "failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal") (citation omitted). This requirement applies equally to *pro se* litigants. *Commonwealth v. Williams*, 896 A.2d 523, 535 (Pa. 2006). Our review of the record reveals that Appellant failed to object at trial. She, therefore, failed to preserve this issue for our review.

Moreover, the record supports the trial court's determination that the Commonwealth met its burden to establish, by a preponderance of the evidence, that Appellant used the firearm during criminal activity and thus, met its burden under Rule 588. The trial court stated that the "Commonwealth produced sufficient credible evidence to establish by a preponderance of the evidence, that [] Appellant used her firearm to perpetrate an unlawful act," pointing her firearm at her unarmed neighbors during an altercation. Trial Ct. Op., 12/22/22, at 4. That evidence included the police incident report and the complaining witness's statement, both of which the court found credible.

After the Commonwealth met its burden to establish that the firearm was contraband, the burden shifted back to Appellant to disprove the Commonwealth's evidence. *Beaston,* 986 A.2d at 881. Appellant did not challenge the Commonwealth's evidence showing that she pointed a gun at her neighbors. N.T. Trial at 12-13. In fact, Appellant admitted during her testimony that she asked her daughter to retrieve Appellant's gun to help her

husband during the fight. *Id.* at 12. Although Appellant tried to paint the neighbors as the aggressors, the trial court did not find her testimony credible. Trial Ct. Op. at 5. Accordingly, Appellant failed to meet her burden.

We have reviewed the record and the record supports the trial court's determination that the Commonwealth met its burden of proof. Appellant has presented no argument to persuade this Court that the trial court abused its discretion or erred as a matter of law in reaching its conclusion. This argument, thus, garners no relief.

**E.**

We conclude that the record supports the trial court's factual findings, and we discern no abuse of discretion or error of law in the court's denial of Appellant's Motions for Return of Property. Accordingly, we affirm.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2023