J-S33012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERNEST SEGURA | : | |
| | : | |
| Appellant | : | No. 1240 MDA 2023 |

Appeal from the Order Entered August 7, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001200-2018

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                    **FILED: OCTOBER 8, 2024**

Appellant, Ernest Segura, appeals from the August 7, 2023 order entered in the Court of Common Pleas of Northumberland County that denied his motion for the return of property.[1]  We affirm.

---

[1] Appellant's notice of appeal purports to challenge his June 1, 2023 judgment of sentence, as well as the amended judgment of sentence entered on August 7, 2023.  An appeal properly lies from an amended judgment of sentence, which in this case is the August 7, 2023 judgment of sentence as made final by the order granting Appellant's post-sentence motion to modify his sentence.  ***See Commonwealth v. Wenzel***, 248 A.3d 540, 545 (Pa. Super. 2021).

A review of the procedural posture of the case *sub judice*, as detailed more fully *infra*, reveals, however, that Appellant is, in fact, challenging only the portion of the August 7, 2023 order that denied his motion for the return of property.  A challenge to an order denying, or granting, a motion for return of property is separate from, and distinct from, a challenge to a judgment of sentence.  As such, the caption has been corrected to show that Appellant appeals the August 7, 2023 **order** that denied his motion for return of property.

The record reveals that, on June 1, 2023, Appellant entered a plea of *nolo contendere* to one count of endangering the welfare of children, 18 Pa.C.S.A. § 4304(a)(1).[2] That same day, the trial court sentenced Appellant to five years' probation and ordered that Appellant have no contact with "anyone under 18 years of age."[3] Sentencing Order, 6/2/23. On June 6, 2023, Appellant filed a post-sentence motion, requesting a modification of sentence to permit Appellant to have contact with his grandchildren, who were under 18 years of age. Post-Sentence Motion, 6/6/23, at ¶8. In his post-sentence motion, Appellant also requested the return of property (cellular telephones and a camera) pursuant to 234 Pa.Code § 588. *Id.* at ¶¶3-5. The trial court entertained argument on Appellant's post-sentence motion and his request for the return of property on August 7, 2023. That

---

[2] Initially, Appellant was charged with statutory sexual assault – complainant less than 16 years of age and person is 11 or more years older, involuntary deviate sexual intercourse – complainant less than 16 years of age and person is 4 or more years older, unlawful contact with minor - sexual offenses, aggravated indecent assault – complainant less than 16 years of age and person 4 or more years older, sexual abuse of children – photographing, videotaping, depicting on computer, or filming sexual acts, endangering the welfare of children, corruption of minors, and indecent assault – complainant less than 16 years of age and person 4 or more years older. 18 Pa.C.S.A. §§ 3122.1(b), 3123(a)(7), 6318(a)(1), 3125(a)(8), 6312(b)(1), 4304, 4301(a)(1)(i), and 3126(a)(8), respectively; *see also* Criminal Information, 10/19/18. Appellant's criminal charges stemmed from allegations that, on July 6, 2018, Appellant sexually assaulted a 14 year old female child and took sexually explicit photographs of her. *See* Affidavit of Probable Cause, 10/3/18, at 1.

[3] The trial court *nolle prossed* Appellant's remaining criminal charges. Sentencing Order, 6/2/23.

same day, the trial court denied Appellant's request for the return of property and granted his post-sentence motion, modifying the conditions of Appellant's probation to permit Appellant to "have contact with individuals under the age of 18 years old who are approved by Northumberland County Probation." Trial Court Order, 8/7/23. This appeal followed.[4]

Appellant raises the following issue for our review:

Whether the trial court abused its discretion in denying the return of Appellant's property when it ruled that the Commonwealth met its burden by establishing a specific nexus between the property and alleged criminal activity at the hearing for the motion for return of property[?]

Appellant's Brief at 5 (extraneous capitalization and underlying omitted).

Appellant challenges the trial court's August 7, 2023 order that denied his request the return of property. Our review of such an order is "limited to whether substantial evidence supports the trial court's findings of fact and whether the [trial] court abused its discretion or committed an error of law."[5] *In re Smith*, 307 A.3d 140, 144 (Pa. Super. 2023). In applying this standard, we are mindful that "it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered." ***Commonwealth v.***

---

[4] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[5] This Court, as well as the Commonwealth Court, have jurisdiction to decide an appeal involving a motion for return of property filed pursuant to Pennsylvania Rule of Criminal Procedure 588. ***Commonwealth v. Caviness***, 243 A.3d 735, 738 (Pa. Super. 2020).

*Durham*, 9 A.3d 641, 645 (Pa. Super. 2010), *appeal denied*, 19 A.3d 1050 (Pa. 2011).

Rule 588, governing a motion for the return of property, states, in pertinent part, that

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The [trial court] hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the [trial] court determines that such property is contraband, in which case the [trial] court may order the property to be forfeited.

Pa.R.Crim.P. 588; *see also* 234 Pa.Code. § 588.

"[O]n a motion for return of property, the moving party has the burden of proving ownership or lawful possession of the items [by a preponderance of the evidence].  The burden then shifts to the Commonwealth to prove, by a preponderance of the evidence, that the property is [*per se*] contraband[ or derivative contraband.]" *Durham*, 9 A.3d at 645-646 (original brackets and citation omitted); *see also Smith*, 307 A.3d at 144 (defining "*per se* contraband" as "property that is unlawful to possess").  "Derivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act.  Property is not derivative contraband, however, merely because it is owned or used by someone who has [] engaged in criminal conduct.  Rather, the Commonwealth must establish a specific

nexus between the property and the alleged criminal activity." ***Durham***, 9 A.3d at 646 (original brackets and citation omitted); ***see also Smith***, 307 A.3d at 144; ***Beaston v. Ebersole***, 986 A.2d 876, 882 (Pa. Super. 2009) (*en banc*). "When the Commonwealth sustains its burden, the burden shifts [back] to the [moving party] to disprove the Commonwealth's evidence for the return of her[, or his,] property." ***Smith***, 307 A.3d at 144. Finally, a trial court is required to conduct an evidentiary hearing on a motion for the return of property. ***Commonwealth v. Rodriguez***, 172 A.3d 1162, 1166 (Pa. Super. 2017).

Here, Appellant asserts that "the Commonwealth failed to provide any evidence or testimony to prove that [the] camera [at issue] was used to capture explicit [photographs] of the victim[ and] also failed to provide any evidence or testimony to prove that one or both of Appellant's [cellular telephones at issue] were used to communicate with the victim." Appellant's Brief at 9. According to Appellant, "the record does not show a nexus between criminal activity and the property at issue and the Commonwealth failed to meet [its] burden." ***Id.*** (asserting that, Appellant satisfied his burden of establishing lawful ownership of the items because the Commonwealth acknowledged the same and, therefore, the items were not contraband *per se*).

In denying Appellant's motion for the return of property, the trial court stated,

Now the camera and [the cellular telephones], you don't need them back. First of all, the [cellular telephones] are useless. They're over five years old. Plus[,] I mean[,] those were instrumentality of the charges.

N.T., 8/7/23, at 9. In explaining its decision to deny Appellant's Rule 588 motion for the return of property, the trial court, in its Rule 1925(a) opinion, stated,

The [trial] court found the nexus between the property and the criminal activity was sufficient as the [cellular telephones] were used to contact the minor asking her to come to his house, where the criminal activity took place, and the camera was used to take explicit [photographs] of the minor victim. The [items] at issue [were] the instruments of the underlying crime.

Trial Court Opinion, 11/30/23, 4 (unpaginated).

The record reveals that, during a search of Appellant's residence pursuant to a warrant, twelve cellular telephones, camera equipment, electronic storage devices, two black and white boxes containing 8" x 11" photographs, and several clothing items were seized. Affidavit of Probable Cause, 10/3/18, at 3. In his motion for the return of property, Appellant sought the return of "[cellular telephones] and [a] camera[.]" Post-Sentence Motion, 6/6/23, at ¶4. At the evidentiary hearing on Appellant's motion, counsel for Appellant indicated that Appellant sought the return of "two cameras and a couple of [cellular telephones.]" N.T., 8/7/23, at 9. Appellant did not present evidence that he possessed an ownership interest in the items or was entitled to lawful possession of the items.

Upon review, we concur with, and the record supports, the trial court's order denying Appellant's motion for the return of property, albeit on different grounds.[6]  As discussed *supra*, initially, Appellant bears the burden of establishing that he was entitled to lawful possession of the items for which return was requested.  Here, it is unclear which two cellular telephones, of the twelve cellular telephones seized, were the subject of Appellant's motion for the return of property.  Moreover, it is also unclear whether Appellant was entitled to lawful possession of the two cellular telephones or the two cameras at issue.  Appellant merely testified that "there was a lot missing from my house" after the police searched Appellant's residence pursuant to a warrant.  This testimony neither discharged Appellant's initial burden of proof nor shifted the burden of proving *per se* contraband or derivative contraband to the Commonwealth.  Rather, Appellant was required to present credible evidence as to ownership or entitlement to lawful possession of the items to satisfy his burden.  ***Commonwealth v. Janda***, 14 A.3d 147, 167 (Pa. Super. 2011) (stating, "where the trial court is not provided with credible evidence as to ownership or entitlement, a motion for return of [property] should not be granted" (original quotation marks and brackets omitted)).  The mere fact that the items were seized from Appellant's residence does not establish that

---

[6] ***See Commonwealth v. Stiver***, 2024 WL 2815046, at *3 n.7 (Pa. Super. filed Jun. 3, 2024) (unpublished memorandum) (stating, this Court may affirm an order denying a motion for the return of property on any grounds, even when those grounds are not suggested, or relied on, by the trial court).

Appellant was entitled to lawful possession of the items or that he possessed an ownership interest in the items. Therefore, Appellant failed to satisfy his burden to support his motion for the return of property.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/08/2024