# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of James McCain | : | |
| | : | |
| From a Decision of: Board of Revision of Taxes | : | No. 753 C.D. 2024 |
| | : | |
| | : | Submitted: March 3, 2026 |
| Appeal of: James McCain | : | |

BEFORE:   HONORABLE LORI A. DUMAS, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                                      **FILED:  May 4, 2026**

James McCain (Taxpayer) appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County (trial court), which denied his appeal from the decision of the Board of Revision of Taxes (Board).  Taxpayer generally challenges the Board's assessed value of his property.  We affirm.

## I. BACKGROUND[1]

Taxpayer owns property in Philadelphia (City).  For the 2023 and 2024 tax years, the Board assessed his property at $125,400 (around $100,000 for improvements and $25,000 for land).  Dissatisfied with the assessed value, Taxpayer appealed to the Board, which denied relief.  Taxpayer timely appealed to the trial court, which issued a detailed case management order, including discovery and expert deadlines prior to trial.  Order, 6/7/23.

---

[1] We state the facts in the light most favorable to the Board as the prevailing party.  *See generally May Dep't Stores Co. v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cnty.*, 272 A.2d 862, 867 (Pa. 1971).  We use the Pa.R.Civ.P. 236 notice dates.

At the trial *de novo*, the City's counsel stated the $125,400 value. Taxpayer did not object and began arguing as if the hearing was an appeal. Taxpayer detailed his disagreement with the Board's $125,400 valuation. He explained that he owns and lives in an adjacent property and received an $80,000 homestead exemption that decreased the assessed value. In Taxpayer's view, the homestead exemption also applied to the property at issue. The trial court repeatedly explained that because Taxpayer did not live in the property at issue, he was not entitled to the exemption. Notes of Testimony (N.T.), 4/24/24, at 14-17, 24.

Taxpayer also disputed the $100,000 in assessed improvement value by testifying that he had made no improvements to the property since he bought it. The trial court explained that the assessed value consisted of the land value plus the value of the existing structure. *Id.* at 9-10, 12.[2]

The trial court eventually asked Taxpayer several times if he had any evidence other than argument. Taxpayer did not. The court noted that the City's expert was present to rebut Taxpayer's appraisal if he had one. Taxpayer referenced a pretrial discovery appraisal completed by the City's expert that valued the property at $80,000, but did not formally introduce it into evidence. The City objected, reasoning that the report cannot be introduced unless the City called the expert as a witness. *Id.* at 21-25.[3] The trial court ruled against Taxpayer. Order, 4/26/24. Taxpayer timely appealed and filed a Pa.R.A.P. 1925(b) statement.[4]

## II. ISSUES

We rephrase Taxpayer's issues as follows. First, Taxpayer argues that

---

[2] In doing so, the trial court viewed the City's "Atlas" website, stated that it saw "the OPA record," and read several prior market values for Taxpayer's property. Taxpayer did not object.

[3] Specifically, the trial court provided the basis for the City's objection, and the City did not disagree. N.T. at 24-25.

[4] Taxpayer states that, after the *de novo* trial, he hired an appraiser who valued the property at $70,000. Pa.R.A.P. 1925(b) Statement, 7/30/24, at 1, 3 (unpaginated).

2

the City did not present the assessment record and that he was denied due process. Taxpayer's Br. at 4, 12. Second, Taxpayer challenges the merits of the $125,400 valuation. *Id.*

### III. DISCUSSION[5]

*A. Assessment Record and Due Process*

For his first issue, Taxpayer argues that the Board was required to introduce its assessment record into evidence. *Id.* at 12-16 (discussing 53 Pa.C.S. §§ 8841-8842). Taxpayer relatedly argues that he was denied the ability to cross-examine the Board and thus denied procedural due process. *Id.* at 16-18 (citing Pa. Const., art. I, § 1, 2 Pa.C.S. § 554, and 18 U.S.C. § 242). Taxpayer further contends that without the assessment record, the trial court could not determine the fair market value or apply the correct assessment ratio. *Id.* at 18-19 (citing Section 518.2 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, added by the Act of December 13, 1982, P.L. 1160, 72 P.S. § 5020-518.2).

The City counters that it placed the value on the record and Taxpayer did not object. City's Br. at 11 (unpaginated). The City adds that the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020-101 to 5020-602, and not Title 53, controls. *Id.* at 11-12.

"To preserve evidentiary challenges for appellate review, a litigant must object at trial. This requirement applies equally to *pro se* litigants." *In re Smith*, 307 A.3d 140, 145 (Pa. Super. 2023) (citation modified).[6] Similarly, a litigant must

---

[5] "In reviewing a trial court's decision in a tax assessment appeal, we will reverse that decision only if the trial court committed an abuse of discretion, [or] an error of law, or where its decision is unsupported by the evidence." *Tech One Assocs. v. Bd. of Prop. Assessment, Appeals & Rev. of Allegheny Cnty.*, 53 A.3d 685, 696 (Pa. 2012) (*Tech*) (citation omitted). We review questions of law *de novo*, *id.*, and "we are generally inclined to construe *pro se* materials liberally." *Robinson v. Schellenberg*, 729 A.2d 122, 124 (Pa. Cmwlth. 1999).

[6] We may cite to Superior Court cases for their persuasive value. *Penncrest Sch. Dist. v.*

preserve a constitutional due process claim before the trial court. *Commonwealth v. Chamberlain*, 30 A.3d 381, 405 (Pa. 2011).

"Failure to interpose a timely objection at trial denies the trial court the chance to hear argument on the issue and an opportunity to correct error." *Dilliplaine v. Lehigh Valley Tr. Co.*, 322 A.2d 114, 116 (Pa. 1974) (plurality). The reasons are twofold: "First, appellate courts will not be required to expend time and energy reviewing points on which no trial ruling has been made. Second, the trial court may promptly correct the asserted error." *Id.* at 116-17. An issue "not raised in the trial court [is] waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302; *Boofer v. Lotz*, 842 A.2d 333, 334 (Pa. 2004) (*per curiam* order) (holding that the "Commonwealth Court erred in granting . . . relief upon a claim neither preserved below nor raised on appeal" (citations omitted)).

Instantly, Taxpayer did not challenge the sufficiency of the City's evidence on the assessed value of the property. *See generally* N.T. Because he did not object, the trial court did not hear argument on whether the City properly presented the assessment record or violated Taxpayer's alleged due process rights. *See, e.g.*, Pa.R.A.P. 302; *Dilliplaine*, 322 A.2d at 116-17; *Chamberlain*, 30 A.3d at 405.[7] Absent an objection, the trial court could not correct any error, nor can we address the issue for the first time on appeal. *See* Pa.R.A.P. 302; *Dilliplaine*, 322 A.2d at 116-17. Taxpayer's contention that without the assessment record, the trial court could not determine the fair market value or apply the correct assessment ratio also fails for the same reason. Taxpayer did not object to the absence of the assessment record or, as discussed below, introduce any valuation evidence.

_____

*Cagle*, 293 A.3d 783, 786 n.2 (Pa. Cmwlth. 2023) (*en banc*), *aff'd*, 341 A.3d 720 (Pa. 2025).

[7] Taxpayer cannot invoke the Pennsylvania Constitution, 2 Pa.C.S. § 554, or 18 U.S.C. § 242, for the first time on appeal. Regardless, 2 Pa.C.S. § 554 addresses agency actions and 18 U.S.C. § 242 is a federal criminal statute, neither of which are relevant here.

Because he did not preserve the issue, it is waived. *See* Pa.R.A.P. 302.

### *B. The Assessed Value*

For his second issue, Taxpayer challenges the $125,400 valuation with several interrelated arguments. Taxpayer's Br. at 15-16. First, Taxpayer argues that the City's assessment identified $100,000 in improvements and improperly required him to disprove that value. *Id.* at 22-24. Taxpayer contends that the $100,000 assessed improvement value was never explained in the record and that the City "imposed an unfair burden" on him to disprove improvements that the assessment did not identify. *Id.* at 15-16, 22-23. Second, Taxpayer argues that the City's own expert appraised the property at $80,000, contradicting the $125,400 assessment. *Id.* at 23, 27. Third, Taxpayer asserts he testified about evidence of comparable sales on the block, which in his view undermined the City's appraisal. *Id.* at 20, 24. Fourth, Taxpayer points to his testimony that the adjacent property had an $80,000 homestead exemption, yet both properties were assessed at $125,400. *Id.* at 21. Taxpayer reasons that the exemption should reduce the assessed value of the property at issue. *Id.*

The City counters that Taxpayer misunderstood his burden of proof in a *de novo* trial from an assessment. City's Br. at 13-14. The City stresses that Taxpayer presented no contrary valuation evidence. *Id.* The City adds that its expert appraiser was present at trial solely to rebut Taxpayer's appraisal evidence, if any. *Id.* at 8-9.

"An appeal from the Board's ruling is heard by the trial court *de novo*." *Lincoln Phila. Realty Assocs. I v. Bd. of Revision of Taxes of City & Cnty. of Phila.*, 758 A.2d 1178, 1187 (Pa. 2000) (citation modified). "The proper order of proof in cases such as the present one has long been established." *Deitch Co. v. Bd. of Prop.*

*Assessment, Appeals & Rev. of Allegheny Cnty.*, 209 A.2d 397, 402 (Pa. 1965). "The procedure requires that the taxing authority first present its assessment record into evidence. . . . If the taxpayer fails to respond with credible, relevant evidence, then the taxing body prevails." *Id.*

For example, the taxpayer could respond with differing evidence of the value of the building or other permanent structure, *i.e.*, improvement, on the property. *See McKnight Shopping Ctr., Inc. v. Bd. of Prop. Assessment, Appeals & Rev. of Cnty. of Allegheny*, 209 A.2d 389, 391 (Pa. 1965) (*McKnight*). In assessment parlance, an "improvement" is the building or permanent structure on the land. *See id.* The assessed improvement value reflects the value of the existing structure and not any owner renovations. *See Tech*, 53 A.3d at 700 (explaining that the "entire parcel—land, buildings, and improvements" is assessed). A homestead exemption (or exclusion) decreases the assessed value of a property for an owner who lives in the dwelling. Phila. Code § 19-1301.2; *see Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1207 n.13 (Pa. 2009).

Instantly, Taxpayer failed to rebut the assessed value. He did not respond with any evidence, let alone credible, relevant evidence. *See Deitch*, 209 A.2d at 402; *see generally* N.T. Each of Taxpayer's contentions confirms our conclusion.

First, as to the assessed improvement value, Taxpayer misapprehends the term "improvement." The $100,000 assessed improvement value reflects the value of the existing structure on the land. *See McKnight*, 209 A.2d at 391; *Tech*, 53 A.3d at 700. The burden to produce contrary evidence of that value was on Taxpayer. *See Deitch*, 209 A.2d at 402. Taxpayer produced no evidence of the structure's value. Second, as to the City's pretrial appraisal, the report is not of record.

6

Taxpayer testified about his recollection of the City's $80,000 appraisal but did not attempt to call the City's expert or otherwise introduce the report into evidence. *See* N.T. at 23-25. The City objected, reasoning it prepared the appraisal to rebut Taxpayer's valuation evidence, if any. *Id.* at 24; City's Br. at 8-9. Taxpayer's testimony about the City's appraisal alone does not substitute for the report itself. *See Deitch*, 209 A.2d at 402.[8]

Third, Taxpayer did not present evidence of comparable sales on the block. *See generally* N.T. Taxpayer testified, in fairly vague terms, disputing the properties purportedly referenced in the City's pretrial appraisal. But Taxpayer did not testify about any specific sale prices or introduce any documentary evidence of different assessed values. Fourth, Taxpayer misapprehends the homestead exemption, which decreases the assessed value of a property in which the owner resides. *See* Phila. Code § 19-1301.2; *Clifton*, 969 A.2d at 1207 n.13. Because Taxpayer does not live in the property at issue, he cannot receive the exemption. *See* Phila. Code § 19-1301.2. In sum, without evidence, we have no factual basis to grant Taxpayer relief.[9] *See McKnight*, 209 A.2d at 391.

## IV. CONCLUSION

For these reasons, we affirm. Taxpayer did not object and did not rebut the assessed value.

_____
**LORI A. DUMAS, Judge**

---

[8] After the burden of proof shifted to Taxpayer, it is unclear whether Taxpayer could attempt to meet his burden of production with the City's evidence.

[9] Taxpayer should have presented his expert's $70,000 appraisal at the trial *de novo*. *See* Pa.R.A.P. 1925(b) Statement, at 1, 3 (unpaginated). It appears that Taxpayer's property has been assessed at a similar value for subsequent tax years.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of James McCain     :
    :
From a Decision of: Board of Revision     :     No. 753 C.D. 2024
of Taxes     :
    :
Appeal of: James McCain     :

## **O R D E R**

AND NOW, this 4th day of May, 2026,  we AFFIRM the order of the Court of Common Pleas of Philadelphia County, entered on April 26, 2024.


_____
**LORI A. DUMAS, Judge**