**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| IN RE: ALISHA SHEPARD SMITH | : | No. 70 EAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF: ALISHA SHEPARD SMITH | : | Superior Court at No. 2128 EDA |
| | : | 2022 entered on December 13, |
| | : | 2023, affirming the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at No. CP-51-MD- |
| | : | 0001772-2022 entered on July 19, |
| | : | 2022. |
| | : | |
| | : | ARGUED: September 9, 2025 |
| | | |
| IN RE: ALISHA SHEPARD SMITH | : | No. 71 EAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF: ALISHA SHEPARD SMITH | : | Superior Court at No. 2129 EDA |
| | : | 2022 entered on December 13, |
| | : | 2023, affirming the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at No. CP-51-MD- |
| | : | 0001773-2022 entered on July 19, |
| | : | 2022. |
| | : | |
| | : | ARGUED: September 9, 2025 |

## OPINION

**JUSTICE DOUGHERTY**                    **DECIDED: May 27, 2026**

We granted review to determine whether an individual is entitled to the return of seized property following the dismissal of a criminal complaint where the Commonwealth otherwise lacks statutory authorization to forfeit said property. The Superior Court, distinguishing this Court's decision in *Commonwealth v. Irland*, 193 A.3d 370 (Pa. 2018)

(civil forfeiture of derivative contraband[1] requires statutory authorization), held individuals are not entitled to the return of derivative contraband even if there is no statutory authorization to forfeit the property. Under the facts presented, we disagree and now reverse.

On December 12, 2021, appellant Alisha Shepard Smith and her husband were involved in an altercation with their next-door neighbors during which appellant allegedly pointed a firearm at the neighbors. Police arrived on the scene, arrested appellant, and, during a search incident to arrest, seized from her sweatshirt pocket a firearm magazine loaded with ten live rounds. Later, after securing a search warrant for appellant's home, the police seized from her front bedroom a Sig Sauer 9mm handgun and another magazine loaded with ten live rounds.[2] Appellant was ultimately charged with two counts each of simple assault and recklessly endangering another person, as well as one count each of firearms not to be carried without a license and carrying firearms on public streets or public property in Philadelphia.[3] However, the firearms charges were dismissed following a preliminary hearing. *See* N.T. Preliminary Hearing, 2/10/22, at 28 (dismissing Section 6106 charge due to lack of "evidence of concealment"); *id.* at 29-30 (dismissing Section 6108 charge after concluding the location where the incident occurred was "not even close to the sidewalk"). Subsequently, on April 19, 2022, the remaining charges were dismissed without prejudice for lack of prosecution after the witnesses failed to appear for trial.

---

[1] Contraband *per se* and derivative contraband are distinguishable as "the former is property the possession of which is unlawful, whereas the latter is property innocent by itself, but used in the perpetration of an unlawful act." *Irland*, 193 A.3d at 373, n.5.

[2] The magazine retrieved from appellant's pocket was listed as "evidence" on Property Receipt No. 3535051. The firearm and magazine recovered during the search of her home were separately marked as "evidence" on Property Receipt No. 3541963.

[3] 18 Pa.C.S. §§ 2701, 2705, 6106, and 6108, respectively.

On May 6, 2022, appellant filed two motions for return of property — one related to each property receipt above, *see supra* note 2 — pursuant to Pa.R.Crim.P. 588, which provides in relevant part:

> (A)    A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
>
> (B)    The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

Pa.R.Crim.P. 588(A)-(B).   At a hearing on the motions held on July 19, 2022, the Commonwealth conceded appellant provided "proof of ownership and registration for the handgun."  N.T. Return Hearing, 7/19/22, at 7.  Nevertheless, it urged the trial court to deny her requests for the return of her property for two reasons.  First, notwithstanding the dismissal of the Section 6108 charge at the preliminary hearing, the Commonwealth argued that by "bringing that handgun outside the house," appellant committed "a criminal act" under the Uniform Firearms Act.  *Id.* at 8.  Second, it contended the "ongoing dispute amongst neighbors" posed a "safety issue" and cautioned the court against "introduc[ing] a weapon into that kind of atmosphere."  *Id.*  The Commonwealth did not present any witnesses or offer any evidence at the hearing.

Appellant, appearing *pro se*, testified she and her husband were assaulted by the neighbors and their cousins, and she retrieved her firearm in defense of her husband. *See id.* at 12.  During appellant's testimony, the trial court *sua sponte* stated it "want[ed] to make [ ] part of the record the police report and everything that the Commonwealth

sent" to it. *Id.* at 19.[4] The court then proceeded to read a purported witness statement in which the witness claimed appellant "had a gun in her hand" and "had it pointed in front of her" while the witness "was standing in front of her." *Id.* at 23. After recounting the statement, the court informed appellant it was "having some credibility issues with what you're telling me." *Id.* at 23-24. Due to those "credibility issues[,]" the court "agreed with the Commonwealth's arguments for . . . recommending a denial" of appellant's motions for return of property. *Id.* at 24.

Appellant, after obtaining counsel, timely appealed.[5] In its Pa.R.A.P. 1925(a) opinion, the trial court explained that, "after reviewing the credible evidence presented by the Commonwealth, including the police report and statements of the parties, and hearing the incredible testimony of" appellant, it denied her motions for return of property because it found appellant "used the firearm in an unlawful manner by pointing it [at] her neighbors to threaten or assault them." Trial Court Op., 12/22/22, at 6; *see id.* at 4 (concluding the property was derivative contraband since appellant used the firearm "to perpetrate an unlawful act").[6]

---

[4] Contrary to the court's statement, these documents do not appear in the certified record before us.

[5] "Appellant, through counsel, also filed a motion for reconsideration on August 17, 2022. The docket indicates no response to this motion, and she filed her notice of appeal the next day." *In re Smith*, 307 A.3d 140, 143 n.3 (Pa. Super. 2023).

[6] In its Rule 1925(a) opinion, the trial court also stated it "agreed with the Commonwealth's recommendation **to grant forfeiture** of this firearm." Trial Court Op., 12/22/22, at 4 (emphasis added). However, the Commonwealth never sought forfeiture of the firearm; it merely opposed appellant's motions for return of property. Thus, despite the court's remark, the orders under review in these appeals pertain solely to the denial of appellant's motions for return of property. *See Commonwealth v. Mosley*, 702 A.2d 857, 859 (Pa. 1997) ("Forfeiture does not . . . automatically ensue when a motion for return of property is denied. . . . [A] proceeding for return of property is distinct from a forfeiture proceeding, and, although the two types of actions may commonly be heard together, to file one type of action does not in itself serve to initiate the other.").

A three-judge panel of the Superior Court unanimously affirmed in a published decision. *See In re Smith*, 307 A.3d at 146. The panel first distinguished the present case from *Irland*, finding "this appeal pertains to an order denying [a] petition for return of property filed pursuant to Rule 588, not an order granting a forfeiture petition." *Id.* at 145. Because "[f]orfeiture proceedings are distinct from return of property proceedings" and the Commonwealth here "did not petition for forfeiture," the panel determined appellant's "reliance on *Irland* is misplaced" and that it need "not address standards pertaining to forfeiture." *Id.* Instead, the panel stated its review was "confined to whether the [trial] court erred in finding that the Commonwealth met its burden of proving that the property was used during the course of criminal activity, as required by Rule 588." *Id.* (citations omitted).

The panel next addressed appellant's argument that the Commonwealth failed at the return hearing to offer competent evidence that the property was used in criminal activity because the prosecutor's statements were not evidence and the Commonwealth's documentary evidence was inadmissible hearsay. The panel first noted "the trial court did not rely on the prosecutor's statements in making its decision" but, instead, "cite[d a]ppellant's testimony, which it found not credible, and the Commonwealth's documentary evidence." *Id.* With regard to the Commonwealth's documentary evidence, the panel held appellant waived any evidentiary claims related to it by failing to object at the hearing. Thus, it proceeded to consider that evidence — including "the police incident report and the complaining witness's statement, both of which the court found credible" — and determined it was sufficient to prove, "by a preponderance of the evidence, that [a]ppellant used the firearm during criminal activity[.]" *Id.* at 145-46.

Having concluded the Commonwealth met its burden under Rule 588 to establish the firearm was contraband, the panel explained the burden then "shifted back to

[a]ppellant to disprove the Commonwealth's evidence." *Id.* at 146. In the panel's view, she failed to meet her burden. The panel stressed that appellant failed to challenge the Commonwealth's evidence indicating she pointed a gun at her neighbors, and, indeed, "admitted during her testimony that she asked her daughter to retrieve [her] gun to help her husband during the fight." *Id.*, *citing* N.T. Return Hearing, 7/19/22, at 12. The panel acknowledged appellant tried to paint her neighbors as the aggressors. However, since the trial court did not find her testimony credible, the panel reasoned appellant failed to meet her burden and upheld the trial court's orders denying the motions for return of property.

We accepted review to consider the following questions as phrased by appellant:

(1)     Did the Superior Court err in affirming the trial court's denial of [appellant]'s motion for return of property, because the Commonwealth lacked statutory authorization to retain her property?

(2)     When a petitioner seeking return of property pursuant to Pa.R.Crim.P. 588 was not convicted at the termination of a criminal complaint, did the lower courts err in not applying the principles in [*Irland*] to return the property, given the lack of statutory authorization to retain the property?

(3)     Did the Superior Court err in affirming the trial court's denial of [appellant]'s motion for return of property, because the Commonwealth did not meet its burden at the hearing by not presenting competent evidence?

*In re Smith*, 329 A.3d 1124, 1125 (Pa. 2024) (*per curiam*) (internal brackets omitted). As these issues present questions of law, our scope of review is plenary, and we review the lower courts' legal determinations *de novo*. *See Commonwealth v. Allen*, 107 A.3d 709, 714 (Pa. 2014).

Appellant contends *Irland* controls because her property was forfeited without statutory authorization when her motion for return of property was denied. Because she was not convicted of a crime, appellant claims "her motion cannot be considered criminal

in nature and is properly denominated a civil forfeiture." Appellant's Brief at 10. While appellant recognizes the panel below relied on multiple cases standing for the proposition that derivative contraband is forfeitable, she notes each of those cases was decided prior to *Irland*, which overruled these cases and "requires statutory authorization for the forfeiture of derivative contraband." *Id.* at 12. Relatedly, appellant faults the panel below for failing to cite any statute authorizing the forfeiture at issue and insists "no statute does so." *Id.* Therefore, appellant claims the panel below erred as its decision contravenes *Irland*'s central holding.

Regarding the panel's attempt to distinguish the present case from *Irland*, appellant contends "[t]his distinction ignores the realities of property seizure and forfeiture when an [a]ppellant is not convicted of the underlying crime." *Id.* at 13. In appellant's view, "holding this is not a forfeiture and, therefore, *Irland* does not apply . . . would create a fundamentally unfair system for returns of property" by "allow[ing] the Commonwealth to retain almost any type of property and circumvent both this Court's and the Legislature's intentions." *Id.* More precisely, appellant claims the decision below places the Commonwealth "in a position where [it] can circumvent the procedural safeguards of the forfeiture statutes prescribed by the Legislature, and the ruling in *Irland*, by merely choosing to never file any forfeiture petitions and keeping any property[ it may] deem derivative contraband, something this Court clearly did not intend." *Id.* at 14-15.

In the event this Court does not agree the denial of a motion for return of property is equivalent to a forfeiture, appellant alternatively argues *Irland* should be extended to the procedures utilized below due to the lack of statutory authorization for the Commonwealth to retain the property until it escheats to the state.[7] In support, appellant

---

[7] *See* 72 P.S. §§ 1301.1-1301.29 (pertaining to the disposition of abandoned and unclaimed property).

notes numerous statutes authorizing the taking of property expressly require that due process be observed, *see id.* at 15, *citing Allen*, 107 A.3d at 718-19 (Saylor, J., dissenting) (collecting statutes), and this Court specifically held "there is no historical foundation establishing common law civil forfeiture in the Commonwealth[.]" *Id.* at 16, *quoting Irland*, 193 A.3d at 382. Again, appellant insists failing to extend *Irland* to motions for return of property "creates a loophole that neuters *Irland*, and the statutory safeguards put in place by the Legislature via the forfeiture statutes." *Id.* at 17.

Appellant additionally claims the Commonwealth failed to meet its burden pursuant to Rule 588 because it presented incompetent evidence at the hearing before the trial court. Relying on *Commonwealth v. Trainer*, 287 A.3d 960 (Pa. Cmwlth. 2022) (trial court required to grant motion for return of property in absence of Commonwealth evidence), appellant contends the prosecutor's offer of proof cannot be considered evidence. As well, she argues Pa.R.E. 901(a) requires documents, such as the police paperwork considered by the trial court *sua sponte*, to be authenticated. Appellant also relies on Pa.R.E. 801, arguing the documents, even if authenticated, would have been inadmissible hearsay. As such, appellant contends her motions should have been granted since the Commonwealth failed to introduce any competent evidence that the firearm and magazines were used in an unlawful manner.

In response, the Commonwealth claims it had authority to retain the firearm and magazines[8] because the items were evidence of a crime and appellant's criminal case had not been fully resolved. Notably, the Commonwealth asserts it could have refiled charges against appellant since the statute of limitations had yet to run at the time appellant filed her motions for return of property. According to the Commonwealth,

---

[8] We observe the Commonwealth's brief refers to a single magazine, even though the property receipts confirm that two were seized from appellant and she sought the return of both, in addition to the handgun.

principles of due process and our criminal rules require it to hold property that constitutes evidence in a criminal case, and common sense dictates the Commonwealth is permitted to hold the property until the statute of limitations expires. *See* Commonwealth's Brief at 7-8, *citing, e.g.*, Pa.R.Crim.P. 201 (authorizing warrants to search and seize "contraband, the fruits of a crime, or things otherwise criminally possessed[,]" "property that is or has been used as the means of committing a criminal offense[,]" and "property that constitutes evidence of the commission of a criminal offense"), Pa.R.Crim.P. 208 (requiring "[a] law enforcement officer, upon taking property . . . pursuant to a search warrant," to "leave with the person from whom or from whose premises the property . . . was taken a . . . receipt for the property seized."), and Pa.R.Crim.P. 209(C) ("An inventory of items seized shall be made by the law enforcement officer serving a search warrant."). While the Commonwealth acknowledges there is no "Pennsylvania statute or case that specifically addresses this practical necessity," it informs us that "other courts have recognized the truism that the government may retain evidence in a potential criminal matter." *Id.* at 8-9 (collecting cases). In short, the Commonwealth claims appellant's motions were properly denied as "premature because she was not acquitted or otherwise discharged with prejudice." *Id.* at 6.

The Commonwealth also argues the concerns that animated this Court's decision in *Irland* do not apply here because granting a motion for forfeiture and denying a motion for return of property are different, and it did not seek forfeiture of the firearm and magazines in any event. In the Commonwealth's view, although the motion for return of property was properly denied, appellant "could have petitioned for return of property again, when the statute of limitations expired on her crimes." *Id.* at 12-13. The Commonwealth maintains this is in contrast to granting a motion for forfeiture, which forever deprives the individual of the ability to regain possession of the property. Drawing

a further distinction between this case and *Irland*, the Commonwealth explains that in *Irland*, the charges "had been finally resolved and the Commonwealth no longer had a basis to hold Irland's gun as evidence at the time of his petition." *Id.* at 13. Here, in contrast, the charges against appellant "were not finally disposed but were instead dismissed without prejudice because witnesses failed to appear" and, "[t]hus, at the time of the return of property hearing [appellant]'s charges could have been refiled for up to another 511 days" since "the statute of limitations for [her] crimes was two years." *Id.*

As for appellant's claims regarding the competency of the evidence supporting the denial of her motions, the Commonwealth argues they are waived because she failed to object to the admission of any evidence during the hearing. Regardless, the Commonwealth believes appellant's sufficiency challenge fails because "her own admissions on the record that she pointed her handgun at her unarmed neighbors established that it was derivative contraband." *Id.* at 16. As the Commonwealth sees it, appellant's "use of her firearm constituted at a minimum a prima facie case of simple assault and [recklessly endangering another person], thus demonstrating that her gun was derivative contraband because it was used in a criminal manner." *Id.* at 17. Consequently, the Commonwealth concludes the trial court was well within its discretion to deny appellant's motions for return of property.

In her reply brief, appellant challenges the Commonwealth's newly-minted position that it is "not retaining [a]ppellant's property as derivative contraband but because it is evidence in a criminal case." Appellant's Reply Brief at 1. Because the Commonwealth failed to raise that argument in the lower courts, appellant maintains it is waived and should not be addressed by this Court. Appellant further argues she could not have waited until the statute of limitations expired to file her motions for return of property because, if she had, the trial court would have lacked jurisdiction by that point. *See id.* at

3, *citing Allen*, 107 A.3d at 718 ("failure to file a return motion during the pendency of [ ] criminal charges . . . or within thirty days following dismissal of the charges results in waiver"). Appellant also claims she would not be able to refile her motions for return of property due to the doctrine of *res judicata* and notions of finality. Finally, appellant submits the statute of limitations rule proposed by the Commonwealth is unworkable because speedy trial rights control the proper timeframe in which to try a criminal case, and there are certain types of cases, like homicide, where there is no statute of limitations, meaning the Commonwealth could hold an individual's property in perpetuity. For these reasons, appellant urges this Court to reject the Commonwealth's new theory that it should be permitted to act as evidentiary custodian pending the lapse of the applicable statutes of limitations.

Rule 588 provides that once a person aggrieved by a search and seizure proves he or she is entitled to lawful possession of the property, "the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited." Pa.R.Crim.P. 588(B). Thus, the Rule envisions three scenarios once lawful possession has been proven: (1) the restoration of the property to the lawful owner; (2) forfeiture, if the property is contraband; or (3) the denial of the motion for return of property, without forfeiture, if the property is contraband. *See* Commonwealth's Brief at 12 (observing Rule 588 provides only that a court "'**may** order the property be forfeited,' not that forfeiture is the inevitable result of denying a motion for return of property"), *quoting* Pa.R.Crim.P. 588(B) (emphasis supplied by Commonwealth); *Allen*, 107 A.3d at 718 ("it is apparent that there is no authority to support automatic return"); *Mosley*, 702 A.2d at 859 ("Forfeiture does not . . . automatically ensue when a motion for return of property is denied."). However, contrary to the Commonwealth's belief, where a motion for return of property is denied on the basis that

the property is contraband but the property is not forfeited, the Rule does "not intend for property seized to be consigned **indefinitely** to an evidence locker, the likely result of the trial court's actions in this case." *Commonwealth v. Younge*, 667 A.2d 739, 747 n.13 (Pa. Super. 1995) (emphasis added). Rather, the third scenario above merely recognizes that the state may **temporarily** hold property if it is evidence of a crime (*i.e.*, contraband) that may still be needed for a future prosecution — for example, if the Commonwealth seeks to timely refile the dismissed charges against the property owner, or if the property is relevant to some other prosecution.

The problem for the Commonwealth here is that it never in good faith asserted any intent to refile the charges against appellant, nor did it allege any other evidentiary need for the property. In its brief before this Court, the Commonwealth simply declares it should be "permitted to keep evidence of a crime until the statute of limitations for the crime has expired." Commonwealth's Brief at 8. Even setting aside the speedy trial concerns inherent in the Commonwealth's position, it is unclear what individuals in appellant's shoes would need to do to eventually regain possession of their property. As appellant notes, this Court in *Allen* held the "failure to file a return motion during the pendency of the criminal charges . . . or within thirty days following dismissal of the charges results in waiver, precluding review of [a] stand-alone return petition." 107 A.3d at 718. Although appellant here complied with *Allen*'s mandate, in the Commonwealth's view, her motion was "premature" because the Commonwealth still could have sought to refile the charges at that point, and if it did ultimately pursue that step, appellant would have needed to wait until those charges concluded before expending more resources to file a new motion. Commonwealth's Brief at 6. So, under the Commonwealth's theory, a person aggrieved by a seizure whose charges are dismissed must always file at least two motions for return of property — one to avoid waiver under *Allen*, and one at some later point after the

charges are refiled or the speedy trial clock runs — in order to have any hope of regaining possession of their property. We agree with appellant this "would create a fundamentally unfair system for returns of property." Appellant's Brief at 13. Thus, we hold that, in situations like the one before us, where the Commonwealth in objecting to a motion for return of property does not allege an ongoing evidentiary need for the property and none is apparent, the denial of a motion for return of property essentially serves as a *de facto* forfeiture.

Having resolved that what occurred below is best characterized as a *de facto* forfeiture, *Irland* plainly controls. In *Irland* we distinguished criminal forfeiture from civil forfeiture, explaining motions for return of property and forfeitures pursuant to Rule 588, "although founded in a rule of criminal procedure, must be denominated civil in nature, since a criminal forfeiture is a criminal sanction resulting from the conviction." 193 A.3d at 379. While *Irland* noted "Rule 588 permits . . . the forfeiture of property that is 'contraband,'" it recognized the fact that our rules "cannot delineate the substantive rights that a person may possess with respect to the property." *Id.* at 380, *citing* PA CONST. art. V, §10(c). In other words, "Rule 588 does not define, and cannot substantively prescribe, what property may be considered contraband. Thus, and in the absence of a developed common law precept for designating derivative contraband, Rule 588's forfeiture provision is limited to forfeitures authorized by sources of law extrinsic to the Rules." *Id.* at 381; *see id.* at 382 (holding "there is no historical foundation establishing common law civil forfeiture in the Commonwealth and that civil forfeiture of derivative contraband requires statutory authorization").

Here, the Commonwealth makes no attempt to identify any statutory authorization for forfeiting appellant's lawfully owned firearm and magazines. *Cf.* 42 Pa.C.S. §5802(7) (subjecting to forfeiture "[a]ny firearms . . . which are used or intended for use to facilitate

a violation of The Controlled Substance, Drug, Device and Cosmetic Act"). *Irland* made clear, in no uncertain terms, "that civil forfeiture of derivative contraband requires statutory authorization." 193 A.3d at 400. Thus, notwithstanding the trial court's conclusion the firearm and magazines constitute derivative contraband, in the absence of any statute authorizing forfeiture of this property (or averment by the Commonwealth that the property has continuing evidentiary value), appellant is entitled to its restoration.[9, 10]

The decision of the Superior Court is reversed, and the case is remanded to the trial court for entry of an order consistent with this opinion.

Chief Justice Todd and Justices Donohue, Mundy, Brobson and McCaffery join the opinion.

Justice Wecht files a concurring opinion.

---

[9] As this issue resolves appellant's appeal, we do not reach her evidentiary claim.

[10] We emphasize our holding is limited to the factual circumstances presented in this case, which do not involve criminal forfeiture, contraband *per se*, or a situation where the Commonwealth in good faith asserts a future evidentiary need for property that is the subject of a motion for return. Additionally, in recognition of the fact Rule 588 was last amended in 2001 and thus does not account for our more recent pronouncements in cases such as *Allen*, *Irland*, and here, we find it prudent to refer this matter to the Criminal Procedural Rules Committee for consideration of potential amendments to better reflect the current state of the law.